Matheny vs. Johnson.

## MATHENY vs. JOHNSON.

1. In an action of trover, evidence that a trial was had before a constable who had levied on the property, and that the jury found the right to the property to be in the plaintiff, that the defendants indemnified the constable and directed him to sell, and that defendants purchased the property is proper and relevant.

2. The trespass itself is a conversion, and no demand is necessary in trover.

3. The knowledge of defendants of the constable's right to sell the property, is immaterial.

### ERROR to Platte Circuit Court.

JONES, for Plaintiff.

#### POINTS AND AUTHORITIES.

The plaintiff brings this cause here by writ of error, and to reverse the judgment of the court below, relies on the following points :

Matheny vs. Johnson.

1. That in trespass all are principals; and those who direct a trespass, or assent to a trespass for their benefit after it is done, are equally liable with those who actually commit it; 7 Mo. Rep. 175. The evidence, therefore, that defendants indemnified the constable, and compelled him to sell said property, after a trial of the right thereof between them and plaintiff, was improperly excluded by the court, because the evidence went to show a conversion of the property; and that defendants did not only consent to the trespass, but were in fact the principal actors.

2. That the court erred in giving the first instruction prayed by defendants, because it referred to the jury, for their determination, a question of law; 6 Mo. Rep. 267.

3. That the wrongful taking, or illegal using, or misusing the property, would render defendants liable in this form of action ; 1 Chitty's Pl. 151. The court erred, therefore, in giving the third instruction on the part of defendants.

4. That if the plaintiff was the owner of the property, the sale thereof by the constable on execution against Henry Matheny, in favor of defendants, conveyed no title to defendants, even though they had no notice of the plaintiff's rights. Wright's Ohio R. p. 738. The fourth instruction on the part of the defendants, was therefore improperly given.

5. That if defendants wished to avoid the conveyance of said property to plaintiff as judgment creditors of Henry Matheny, on the ground of fraud, then they ought to have produced their judgment, and having failed to produce it, they did not show themselves in a situation to defeat the sale and conveyance of said property to plaintiff. 7 Mo. Rep. 128. The verdict is, therefore, contrary to the law and evidence.

6. That the court erred in sustaining the demurrer to the second and third counts of the declaration. (1 Chitty's Pl. 186, side paging.)

LEONARD & BAY, for defendants in error.

### POINTS AND AUTHORITIES.

1. The demurrer to the second and third counts in the declaration was properly sustained, because :

*First,* If those counts are in trespass, there is a misjoinder of actions; Cooper vs. Bissell, 16 Johns. Rep. 146; 1 Chitty Pl. 231, 236; Keay vs. Goodwin, 16 Mass. 1; Fairfield vs. Burt, 11 Pick. 244.

*Second,* If the counts should be considered in case, they are bad, be-

cause the injury complained of is direct and not consequential; Percival vs. Hickery; 18 Johns. Rep. 257; Wilson vs. Smith et al, 10 Wend. 324; 1 Chitty on Pl. 145; Leame vs. Bray, 3 East· 593.

*Third,* The execution referred to in those counts, was a lien upon the property levied upon from the time it was placed in the officer's hands.

*Fourth,* These counts are uncertain, confused, and mingle together various and irrelevant matters.

2. The proceedings before the constable on the trial of the right of property, was properly excluded, because the verdict of the jury in such trials, if against the claimant, merely justifies the officer in selling the property, and does not determine the title, or ownership of the property. Justices' Courts, R. S. 1835, p. 367, sec. 14, 15, 16.

3. No exceptions were taken to any of the instructions, and the plaintiff cannot therefore complain of the action of the circuit court in relation to them.

4. The verdict was sustained by the evidence.

NAPTON, J. delivered the opinion of the court.

This was a special action on the case brought by Matheny, against the defendants in error, to recover damages for the alleged conversion of certain property described in the declaration. The first count of the declaration is trover, for the conversion of three yoke of steers and a wagon. Upon this count issue was taken and the trial had, in which the defendants obtained a verdict. The second and third counts of the plaintiff's declaration were demurred to, and the demurrer sustained.

Upon the trial, the plaintiff gave evidence, the object of which was to show, that the property alleged to have been converted by the defendants to their use, belonged to him. The property had been levied on as the property of one Henry Matheny, (the plaintiff's brother,) and had been sold under execution against said Henry, and the defendants were the purchasers at that sale, and the plaintiffs in the execution. The plaintiff offered to prove that a trial of the right of property was had between the said plaintiff and defendants, before the constable who made the levy, and that the jury returned a verdict in favor of the plaintiff, and that the defendants indemnified the constable, and compelled him to sell said property. This testimony the court rejected, and exceptions were taken. The defendants introduced evidence conducing to show that the property alleged to have been taken was the property of Henry Matheny, the defendant in this execution.

The court instructed the jury:

1. That if they believe the defendants came into possession of the

oxen and wagon, legally under execution, they must find for the defendants.

2. If they believe that the oxen and wagon were the proceeds of H. Matheny's claim, and managed in Daniel Matheny's hands to avoid the demands of Henry's creditors, they would find for defendants.

3. Unless it was proved that defendants converted the oxen or wagon to their use by using them, or that a demand was made of them, they must find for defendants.

4. That if defendants bought under execution, they are entitled to a verdict, unless it is proved that they knew at the time of the sale, that the constable had no authority to sell.

5. That if they believed that plaintiff came into possession of the property fraudulently, &c., they must find for defendants.

These instructions were given at the instance of the defendants. The court also gave the instructions asked for by the plaintiff, which are not material to be noticed. No exception, so far as the bill of exceptions shows, was taken to the instructions; but a motion was made for a new trial, upon the ground that the court had misdirected the jury, and had excluded legal testimony, which was overruled, and exceptions taken to the overruling of this motion. The case is brought here by writ of error.

The second and third counts of the declaration are in case; reciting the judgment, execution, trial of right of property, and sale, and averring that by reason of said proceedings, said plaintiff was put to great trouble and expense, and was compelled to pay out large sums of money in employing counsel, &c. To these counts there was a demurrer, and the demurrer was sustained; and a question arises here, whether that demurrer was properly sustained. This point has not been insisted on by the plaintiff in error; nor is it very material, in the view we take of the case, that it should be decided. We have, however, looked into the authorities cited by the counsel for the defendants in error, and incline to the opinion that the demurrer was properly sustained. The cases of Leame vs. Bray, (3 East. 593, and Scott vs. Shepherd, 2 Black. R. and 3 Wils.) are the leading English cases on this subject; and though the authority of the former was questioned in Rogers vs. Imbleton, (2 Bos. & Pull. 117,) the distinction taken by Lord Ellenborough has not been overturned, and seems to be recognized in the American courts.— Where the injury is direct, trespass is the proper remedy; and where the injury is not direct, and immediate on the act done, but consequential only, an action on the case lies. There is a class of cases in which, though the injury is direct, yet case and trespass have been held con-

current remedies, in consequence of the act being the result of negligence, or gross mismanagement; Bliner vs. Campbell, 14 John. R. 433; 1 Chitty Pl. 127; but the present case does not fall within this principle. Where the injury is not only direct, but wilful, trespass alone can be maintained.

The second point arising on the record, is the exclusion of the testimony offered by the plaintiff in relation to the trial of the right of property before the constable, the result of that trial and the tender of indemnity by the defendants. That the verdict of the jury upon this trial, was no evidence of the right of property, is quite manifest. Had the testimory been offered for this purpose, or for this purpose alone, the court would, with propriety, have excluded it. So much of the proffered testimony as related to the tender of the indemnifying bond to the constable, and requiring him to sell, notwithstanding the finding of the jury in favor of the claimant, was certainly competent, and may have been important to show the active agency of the defendants. Had the testimony in this view been merely cumulative, it would not for that reason be objectionable. The object of the testimony may have been to show that the defendants were trespassers, having previously established the right of property in the plaintiff. If so, a glance at the instructions which the court gave, will show that it is very material. The trespass was in itself a conversion of the property, sufficient to maintain the action, and no demand is in such cases necessary.

In relation to the instructions, the propriety of which is denied by the plaintiff in error, no exception was taken to them in the course of the trial; though one of the grounds in the motion for a new trial, was the misdirection of the court, and exceptions were taken to the opinion of the court in overruling that motion. In a late case decided, I believe at the last term of this court, this was held insufficient by a majority of the court, and this decision may be regarded as settling this question of practice. I did not concur in that opinion, for reasons which it would be uselesss to state. In accordance with that decision, the propriety of the instructions given by the circuit court in this case cannot be assigned for error; but as the judgment must be reversed, and a new trial awarded, because of the error committed in excluding pertinent testimony, it may not be improper to observe, that several of the instructions are erroneous. The first instruction refers a question of law to the jury, and is therefore only calculated to perplex and mislead. The third is erroneous, as no demand is necessary, when a trespass constitutes the conversion complained of. The fourth instruction places the

right of recovery on the question of knowledge or ignorance on the part of the defendants, of the constable's right to sell, a matter totally foreign to the issue, in trover.

Judgment reversed and cause remanded.