IRELAND, APPELLANT V. HORSEMAN

**Trover and Conversion**: In a suit for the trover and conversion of a cow, proof that she was in defendant's stock lot, where he was collecting cattle for shipment abroad, and that she was put there by defendant or his servants, makes out a *prima facie* case for the plaintiff. It is unnecessary to show that defendant converted her to his own use in a particular manner, as by shipping her.

| 65 | 511 |
| 42a | 442 |
| 65 | 511 |
| 52a | 608 |
| 65 | 511 |
| 64a | 349 |
| 65 | 511 |
| 87a | 280 |

*Appeal from Caldwell Circuit Court.*—Hon. E. J. BROADDUS, Judge.

*Shanklin, Low & McDougal* for appellants.

The third instruction given at the instance of defendant is misleading.

The jury are told they must find the existence of three facts in favor of the appellant, viz: that respondent took the cow and shipped her and converted her to his own use, or they must find for respondent.

It is not alleged in the complaint that respondent shipped the cow, nor was it necessary to constitute appellant's cause of action, and yet by this instruction the jury are told that they must find, and that too from a preponderance of the evidence, that respondent not only took the cow and converted her to his own use, but that he also shipped her, or they must find for respondent. Here is a fact not alleged in the complaint, and not necessary to appellant's cause of action, thrust into the case by this instruction, and thus interposed as a barrier to appellant's recovery. The taking or shipping appellant's cow without his consent, by respondent, would in law constitute a conversion, and the jury should have been so instructed; but instead of that, this instruction presents the taking, the shipping and the conversion as three distinct facts, the finding of each and all of which, in favor of appellant, are made essential to his recovery. By thus presenting these three elements, the court gave the jury to understand that they were separate

and distinct facts—that the converting to his own use was not the legal conclusion from the taking or shipping, but an independent act of respondent which appellant must prove before he could recover. If respondent, in gathering up his own cattle, drove appellant's cow and penned her with his own, and she was thereby lost to appellant, respondent was liable, unless he used reasonable care in separating said cow from his own, and permitting her to return to her usual pasture; and plaintiff having, by the proof, traced his cow into the pen with respondent's cattle, and showed that these cattle had been collected and penned by respondent, made a *prima facie* case of conversion, and it devolved upon the respondent to show that he exercised reasonable care in repairing the wrong he had done.

*J. M. Hoskinson* for respondent.

The burden of proving not only that plaintiff's cow was in the stock pens, but that defendant did actually ship her and convert her to his own use, as he has alleged, was upon plaintiff. *Sturdevant v. Rehard*, 60 Mo. 152.

NAPTON, J.—This suit originated in a justice's court, and the statement was that, on a day named, at Breckenridge, in the county of Caldwell, defendant wrongfully took and converted to his own use a cow of plaintiff, of the value of thirty dollars. The details of the testimony are not stated, nor is it necessary that they should be, but the bill of exceptions states that there was evidence tending to prove that the cow in controversy was the property of the plaintiff and was of the value stated in the petition, and that said cow was placed in a stock lot in Breckenridge by defendant, with a lot of cattle that he had placed there to await shipment, and that all the cattle in said lot were driven to the railroad pens and shipped to Chicago, on or about the day charged in the petition; that said cow was seen in said stock pens first mentioned at various

times on the day said cattle were shipped, and that said cattle were driven from said pen to said railroad stock pen at about six o'clock in the afternoon. The evidence of defendant's witnesses tended to disprove the above facts. The instructions in this case are somewhat ambiguous and some of them not strictly correct. The jury are instructed for the defendant, that the plaintiff must make out his case by a preponderance of the evidence, that the burthen of proof was upon him, and that they must find from a preponderance of the evidence " that defendant did take and ship the plaintiff's cow and convert the same to his own use."

The burthen of proof to make out his case was undoubtedly on the plaintiff, but if the plaintiff proved, to the satisfaction of the jury, that the cow was in defendant's stock pens, and was put there by defendant or his servants, the plaintiff had made out a *prima facie* case of trover and conversion. It was sufficient to require the defendant then to show, either that plaintiff had put the cow in his pens, or that the cow was not there, or that, if there, she was turned out on the common or returned to plaintiff. Conversion may be inferred from the taking of the property and the neglect to return it, and trover may be maintained for taking goods, whenever trespass will lie. The trespass is in itself a conversion of the property sufficient to maintain the action. *Matheny v. Johnson*, 9 Mo. 230; *Stickney v. Smith*, 5 Min. 490; *Rogers v. Maw*, 15 M. & W. 448; *Hilliard on Torts*, 96. One who takes possession of goods unlawfully, which are in consequence lost to the owner, is to a certain extent guilty of a conversion. *Heald v. Carey*, 11 Com. B. 993. Now the plaintiff in this case was required to prove by a preponderance of the evidence : 1st, that the defendant did take the plaintiff's cow; 2nd, that he shipped her; and 3rd, that he converted her to his own use. There was no allegation in the complaint of any shipment, but merely of a conversion, and the proof of a tortious taking implied a conversion, unless explained by

defendant. If the jury were satisfied that the cow was driven into the defendant's stock pen, and was never afterwards seen on the common in that neighborhood, and never returned to plaintiffs, it would certainly devolve on the defendant to account for the disappearance of the cow. It was not the business of the plaintiff to prove a shipment, which would be one mode of converting her to his own use, and probably in this case, the only one the evidence tended to establish. If the fact was, that the plaintiff's cow was in defendant's stock lot at Breckenridge, where he was collecting his cattle for shipment to Chicago, that was *prima facie* a case of conversion to his own use. Whether this was so or not, was a question for the jury; but the instructions seem to have imposed on the plaintiff the burthen of proving by a preponderance of testimony not only such facts as would establish a *prima facie* case, but to show a conversion of the property in a particular mode, not alleged in the complaint. Judgment reversed and cause remanded. The other judges concur.

REVERSED.