JOHN M. WARNICK, Respondent, v. JAMES BAKER
            et al., Appellants.

Kansas City Court of Appeals, December 1, 1890.

1. **Pleading: RULE AS TO.** The language of a pleading should be·
taken in its plain and ordinary meaning, and such an interpreta-
tion given it as fairly appears to have been intended by the pleader.

2. **Conversion: PLEADING: PETITION.** The doctrine now is that
any taking or assumption of a right to control or dispose of prop-
erty constitutes a conversion; and a petition that alleges that the
defendants, "without leave, forcibly and wrongfully drove away"
certain cattle belonging to plaintiff and have not returned the·
same is sufficient.

3. ———: ———: **TITLE: POSSESSION.** The allegation, "belonging to·
plaintiff" is an allegation of title, which carries with it the posses-
sion, and is sufficient.

*Appeal from the Sullivan Circuit Court.*—HON. G. D.
                BURGESS, Judge.

AFFIRMED.

*Edward Higbee*, for appellants.

(1) This was an action of conversion, if anything.
Plaintiff recovered judgment for the value of three
steers. The petition fails to state a cause of action.
It states mere evidence which the pleader regards as
proving a conversion. It does not charge a conversion
of the steers by defendants. This is the gist of the
action, and the petition is therefore, fatally defective.
*Perry v. Musser*, 68 Mo. 477, 480, and authorities cited;
1 Chitty, Pl. [12 Am. Ed.] 161; 1 Chitty, Pl. [16 Am. Ed.]
181; Bliss, Code Pl. [2 Ed.] secs. 206, 207, pp. 318,
322. (2) The facts stated do not constitute a conver-
sion. It is not alleged that plaintiff had possession nor·
that he was entitled to possession, nor that defendants

took the stock from plaintiff's possession, nor demand or refused to return. No tortious intent averred. 4 Am. & Eng. Ency., pp. 108, 119. "To maintain trover the plaintiff must have a property, either absolute or special, and the possession or right to the immediate possession of the goods which are the subject of the controversy." *Deland v. Vanstone*, 26 Mo. App. 301, citing *Turley v. Tucker*, 6 Mo. 583, 586; 1 Chitty, Pl. [12 Am. Ed.] 152; 1 Chitty, Pl. [16 Am. Ed.] 167. (3) All the allegations may be true, and defendants not guilty of even a trespass, as in case of carriage by bailee. *Nanson v. Jacob*, 93 Mo. 336. (4) The facts pleaded may be evidence of a conversion, but do not necessarily imply or constitute a conversion. A refusal to deliver goods on the demand of the rightful owner is not of itself a conversion. It is merely evidence of a conversion, but not conclusive. 4 Am. & Eng. Ency. 115. No damage can be recovered in an action for conversion for the taking. 4 Am. & Eng. Ency. 105, note 6.

*A. W. Mullins* with *N. A. Franklin*, for respondent.

(1) The petition in this case is in the usual form in cases of trespass *de bonis asportatis*, and embraces all the ingredients essential to constitute a conversion of the property. Green & Myer's Mo. Prac., sec. 1326, p. 518; 2 R. S. 1889, p. 2237, form No. 25; *Norman v. Horn*, 36 Mo. App. 419, 422. (2) The rule of law is that "any wrongful taking or assumption of a right to control or dispose of property constitutes a conversion. Any wrongful act, which negatives or is inconsistent with the plaintiff's right, is *per se* a conversion." *Allen v. McMonagle*, 77 Mo. 478, 481; *Norman v. Horn*, 36 Mo. App. 422; *Ireland v. Horseman*, 65 Mo. 512; *Sparks v. Purdy*, 11 Mo. 219; *Matheny v. Johnson*, 9 Mo. 234; *Nanson v. Jacob*, 93 Mo. 340; 2 Greenl. Ev., sec. 642; Cooley on Torts, pp. 441, 448;

1 Hilliard on Torts [3 Ed.] pp. 77, 96. (3) The allegation in the petition, that the property wrongfully taken and driven away by the defendants "belonged to the plaintiff," carries with it the implication that he was in the possession thereof, and is sufficient. The title carries with it the possession, actual or constructive. 2 Greenl. Ev., sec. 614; *Brown v. Hartzell*, 87 Mo. 568; *Renshaw v. Lloyd*, 50 Mo. 368; *Clark v. Ins. Co.*, 52 Mo. 272. (4) To authorize the plaintiff to recover damages to the amount of the value of the cattle taken, it was necessary for him to show that the title to the property was in himself. This he did, and the jury necessarily so found under the instructions of the court. And, with respect to the proof, the bill of exceptions recites that the "evidence tended to support the issues on his (plaintiff's) part." *The Southworth Co. v. Lamb*, 82 Mo. 242, 249; 2 Hilliard on Torts [3 Ed.] pp. 95, 96.

SMITH, P. J.—The only question in this case is whether the petition is sufficient which stated that at the county of Putnam the defendants, "without leave, forcibly and wrongfully drove away the following described personal property belonging to the plaintiff (description omitted), which was of the value of one hundred and twenty dollars, and that said defendants have not returned the same; that the plaintiff was damaged by the taking and driving away of the property in the sum of one hundred and twenty dollars."

Tested by the rule of pleading laid down in *Stillwell v. Hamm*, 97 Mo. 579, which is to the effect that the language of a pleading should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by the pleader, we must regard the petition in question as containing all the ingredients essential to constitute an action for the conversion of personal property. It is in the usual form in cases of trespass *de bonis asportatis*.

Form, number 25, cited by plaintiff, and which is to be found in page 705, Revised Statutes, 1879, was recommended in 1855 by the revisers of the statutes, and has been continued in each successive revision. While it has not legislative or judicial sanction it has been constantly in use, and as far as we know has not before been questioned by any member of the profession. It is not an authoritative precedent which is absolutely binding on the judiciary, but it is not without persuasive force in the consideration of a question of this kind.

The petition alleges that the defendants, "without leave, forcibly and wrongfully drove away" certain cattle belonging to plaintiff, and have not returned the same.

The doctrine now is that any taking or assumption of a right to control or dispose of property constitutes a conversion. Any wrongful act which negatives or is inconsistent with the plaintiff's right is *per se* a conversion. *Allen v. McMonagle*, 77 Mo. 478; *Ireland v. Horseman*, 65 Mo. 511; *Williams v. Wall*, 60 Mo. 318; *Sparks v. Purdy*, 11 Mo. 219; *State v. Berning*, 74 Mo. 87; *Nanson v. Jacob*, 93 Mo. 340; *Norman v. Horn*, 36 Mo. App. 422. A wrongful assumption of the property is itself a conversion, and not merely evidence of it. 1 Hilliard on Torts, 100, 101. A conversion may be proved by a tortious taking. *Nanson v. Jacob*, 93 Mo. 331; 3 Rob. Prac. 462. The prevailing rule is that trover may be maintained for the taking of goods whenever trespass will lie. Trespass is itself a conversion of the property sufficient to maintain the action. 1 Hilliard on Torts, 100, 101; *Ireland v. Horseman*, 65 Mo. 511; *Matheny v. Johnson*, 9 Mo. 232. In an action for conversion if the petition avers a wrongful or tortious taking it is sufficient. *Norman v. Horn*, 36 Mo. App. 419. And so the allegation that the property wrongfully taken away by defendant belonged to the plaintiff is that of title, which carries with it the possession, and this is sufficient to support the action. *Brown v.*

*Hartzell*, 87 Mo. 567; *Cochran v. Whitesides*, 34 Mo. 418; *More v. Perry*, 61 Mo. 174.

So that the allegation of the petition, according to the principles to which we have referred, are, we think, sufficient to support the action.

Our attention has been called to no other errors in the record, and it results that the judgment will be affirmed. All concur.