ESMAL DAVIS, RESPONDENT, v. ALVA GOULD, APPELLANT.—131 S. W. (2d) 360.

In the Springfield Court of Appeals. August 10, 1939.

*Fred L. Henley* and *Von Mayes* for appellant.

*Ward & Reeves* for respondent.

FULBRIGHT, J.—This is an appeal from a judgment entered in the Circuit Court of Pemiscot County in which plaintiff recovered

from defendant for past maintenance furnished by her to their minor child.

The petition is as follows:

"Plaintiff states she and the defendant were married in the State of Missouri on or about March 7, 1919, and that she obtained a decree of divorce from the defendant on December 7, 1922, in the Circuit Court of Pemiscot County, Missouri, which decree of divorce is recorded in Circuit Court Record Book No. 25, Page 242, of said County; that by said marriage of the plaintiff and the defendant they had one girl child named Margarite Genevieve Gould, who was at the time of the said divorce decree of the age of two years, and that by said decree the plaintiff was awarded the custody of said minor child; that it thereby became and was the duty of the defendant to maintain, support and educate said minor child from and after the said December 7, 1922, or to reimburse plaintiff for same, but that the defendant has ever failed and refused to support, maintain or educate said minor from and after the said December 7, 1922, or to contribute any money or means for the support of said child, or to reimburse plaintiff for same, and that this plaintiff has supported, maintained and schooled said child at a reasonable, necessary and proper cost, expense and outlay of funds, means and necessities for said child the sum of $7.00 per month from and after the said December 7, 1922, up to December 7, 1932, and that the plaintiff has during all of said period of time and up to May 27, 1937, had the custody of said child, and has supported and maintained said child during all said time; that plaintiff has supported, maintained and schooled said child at a reasonable, necessary and proper cost, expense and outlay of funds, means and necessities for said child, the sum of $15 per month from and after said December 7, 1932, up to May 27, 1937; that the total sum thus paid out and expended by plaintiff in and about the support, maintenance and education of said child from the said December 7, 1922, up to the time of the filing of this suit, is therefore the sum of $1710, which has become due and payable to the plaintiff by the defendant to reimburse her as aforesaid.

"Plaintiff further states that for the support, maintenance and education of said minor child so paid out and expended therefor by this plaintiff, the same constitutes a continuous and running account, and was continuous and uninterrupted from the said December 7, 1922, up to the time of the filing of this suit.

"Wherefore, plaintiff prays judgment against the defendant for the amount due the plaintiff as aforesaid in the total sum of $1710, and for her costs in this behalf expended."

Defendant's answer admitted the marriage, parentage of the child and the decree of divorce, but denied all other allegations of the petition and specifically pleaded that the divorce decree as to the

support of the child is barred by the ten-year Statute of Limitations; that any support furnished said child by plaintiff five years prior to the filing of said petition is barred by the five-year Statute of Limitations; and that by reason of laches and conduct of plaintiff she is estopped from claiming any right to recover for support of the child at any time.

The record discloses that on December 7, 1922, plaintiff and defendant were husband and wife and the parents of a two-year-old daughter, and on that date the mother obtained a decree of divorce in the Circuit Court of Pemiscot County. It appears that the mother was awarded the custody of the child and a monthly allowance for her maintenance. Since the divorce decree was granted, the mother has had the custody of the child continuously and has supported and maintained her until her marriage May 27, 1937. It further appears that the mother remarried and moved to Illinois taking the daughter with her. For about two years during the period from October 7, 1932, until May 27, 1937, the mother boarded her daughter at the cost of $5 per week. The remainder of the time the daughter remained in the home of her mother and was fed, clothed and schooled by her at a cost of $25 per month. The defendant never at any time paid anything toward the support of his daughter although at different times he was requested to do so. No payment was ever made upon the judgment for maintenance granted the mother in the divorce suit, and the judgment was not revived.

The case was submitted to the jury on the above evidence and the following instruction:

"The court instructs the jury that it is admitted in this case by the pleadings and evidence that the plaintiff and defendant were husband and wife, and that they were divorced on or about December 7, 1922, and that Margaret Genevieve Gould was their minor child at the time of said divorce. The court instructs the jury that if they find and believe from the evidence that from and after October 7, 1932, until the marriage of the said Margaret Genevieve Gould, on May 27, 1937, the plaintiff had the custody of said minor child and supported and maintained said child or furnished any support and maintenance for said child during said period of time, then if you so find the facts, your verdict should be for the plaintiff and against the defendant for the reasonable value of the necessary expense and outlay of funds, means and necessities so furnished by the plaintiff for the maintenance and support of said child."

The jury returned a verdict for the plaintiff in the sum of $835, and a remittitur of $16 was offered and allowed.

It is pleaded as a defense in this case that the divorce decree as to the support of the child was barred by the ten-year Statute of Limitation and the plaintiff could not recover for support of the child during the life of said decree as to support, and that the plain-

tiff was also barred from recovery for support furnished the child by plaintiff five years prior to the filing of the petition herein because barred by the five-year Statute of Limitations. These issues raised in the defendant's answer were conceded to be correct and the case should have been tried and instruction given upon the theory that the plaintiff could recover, if at all, for the monthly support and maintenance furnished the minor child from December 7, 1932, the date that the judgment for maintenance became ineffective, until the minor's marriage, May 27, 1937.

The law is well settled that the father is primarily liable for the support and maintenance of minor children after divorce, and the mother having the care and custody of such children may recover from the father for their support and maintenance should he fail or refuse to furnish same. It is equally well settled that a divorced wife to whom the custody of minor children is awarded, and the decree is silent as to support and maintenance of the minor children, can maintain against the father an independent action to recover for their past support and maintenance by her. [Kelly v. Kelly, 47 S. W. (2d) 762; Gallion v. McIntosh, 8 S. W. (2d) 1076; Angel v. Angel, 220 Mo. App. 360, 285, S. W. 1035; Winner v. Shucart, 202 Mo. App. 176, 215 S. W. 905; Robinson v. Robinson, 168 Mo. App. 639, 154 S. W. 162.] Furthermore, a judgment in favor of a mother for the support of a minor child is subject to the same incidents as judgments in ordinary actions at law, and becomes dormant ten years after rendition unless kept alive by revival or by payments. [Mayes v. Mayes, 116 S. W. (2d) 1.]

Defendant insists that the petition does not state a cause of action because it does not allege that the divorce decree is silent as to support. This is beside the question in issue, and in no way decisive of the case. No payment was ever made on the judgment for maintenance, the judgment was not revived, and more than ten years had elapsed before this suit was instituted. Moreover, defendant pleads in his answer that the decree for maintenance in the divorce case is barred by the ten-year Statute of Limitations. With this admission the petition in the instant case should not be questioned, especially after verdict.

Defendant contends that a divorce decree as to all matters therein adjudicated are conclusive upon the parties. As we view this case, maintenance for the minor was determined for a period of ten years only, for the reason that the judgment in the divorce case as to maintenance became ineffective after a lapse of ten years, not being revived and no payments being made thereon. The question is: May the mother in an independent action recover from the father for past support and maintenance for their minor child furnished after the decree for maintenance in the divorce case became dormant? It occurs to us that when the divorce decree for maintenance lost its

virility, and was no longer subject to revival, that support for the minor child furnished by the mother after such period stands in identically the same light as past support and maintenance furnished by the mother in a case wherein she had been awarded the custody of the child and the judgment was silent as to maintenance. The responsibility for caring for the minor child is a continuing one for the father, and although no recovery can now be had by the mother for maintenance furnished by her during the life of the judgment for maintenance in the divorce case, we are of the opinion that she can maintain this independent action for maintenance furnished by her from the date the judgment became ineffective until the date of the marriage of the minor.

We agree with defendant that the giving of plaintiff's instruction No. 1, which is heretofore set out, constituted reversible error. It fails to confine recovery to maintenance consisting of necessaries furnished by the mother, if any, between December 7, 1932, the date the judgment for maintenance in the divorce decree became barred by the ten-year Statute of Limitations, and May 27, 1937, the date of the marriage of the minor, and for the further reason that it does not limit recovery to the monthly amount asked for in the petition. Apparently the court lost sight of the fact that any maintenance furnished by the mother between October 7, 1932, and December 7, 1932, was barred by the ten-year Statute of Limitations, although not by the five-year statute.

We would feel disposed to affirm this judgment upon a sufficient *remittitur*, but our Supreme Court held in the case of Clark v. Atchison & Eastern Bridge Co., 333 Mo. 721, 62 S. W. (2d) 1079, that "Whenever it is shown that the verdict has likely been induced or the amount affected by erroneous instructions, the improper admission or exclusion of evidence, and misconduct of the court, counsel, or jury, or other such error, a new trial, and not a remittitur, will be granted. See our recent case of Olian v. Olian (Mo.), 59 S. W. (2d) 673, where we said that it is only where the excessive verdict is the only error shown by the record that a *remittitur* will be allowed."

Defendant further complains that there is not substantial evidence to sustain a verdict for plaintiff in that it is not shown that the support consisted of necessaries. Plaintiff's additional abstract of the record discloses that the expenditures were for food, clothing and school books, and that the reasonable value thereof was $25 per month. It is a matter of common knowledge that food, clothing and expenses in sending a child to school are necessaries. That plaintiff furnished such necessaries is undisputed. Defendant was asked especially if he, at any time between October 7, 1932, and October 7, 1937, had spent any money for the child's expense, and he replied that he did not have a chance to do so. In other words, the evidence

48

shows that plaintiff supported and maintained this child from December 7, 1922, to May 27, 1937, without any assistance whatever from the defendant. Although we think this evidence is sufficient to submit the case to the jury, on a retrial it would be well to make proof with greater particularity that the various items furnished by the mother were necessaries.

The cause is reversed and remanded to the circuit court for retrial in conformity with this opinion. *Allen, P. J.,* absent; *Smith, J.,* concurs.