MARION W. MARLEY, Appellant, v. ROBERT CEDRIC MARLEY.—No. 39836.—204 S. W. (2d) 261.

Division One, July 14, 1947.

Rehearing Denied, September 8, 1947.

*Nelson E. Johnson* for appellant.

*Howell, Jacobs & Howell, Virgil Yates* and *Theodore E. Rein* for respondent; *Theodore E. Rein* of counsel.

BRADLEY, C.—Action by a divorced wife, commenced February 24, 1940, to recover from her former husband $11,946.55 spent by her for the support, maintenance and education of their minor son. The cause was tried April 13, 1945, by the court without a jury; judgment for defendant; plaintiff appealed.

Plaintiff and defendant were married October 9, 1915; their son was born April 22, 1919; they were divorced in Kansas City, Missouri, April 5, 1921, on the petition of the wife, plaintiff here. The custody of the son was awarded to plaintiff with visiting privileges to defendant. Plaintiff was awarded $75.00 per month as *alimony*, as designated in the divorce decree. No order was made respecting the support, maintenance and education of the son. The first payment was made due and payable on date of divorce. Thereafter, the payments were to be made on the first of each month. While no allowance was made for the support of the son, defendant claims (see infra) that the $75.00 per month was for the support of the son.

From and after the divorce defendant resided in Chicago; remarried in 1922. Plaintiff and the son continued to reside in Kansas City, Missouri, where she was employed, and plaintiff provided for all the keep, education, etc., of the son. Defendant was sometimes delinquent

in the monthly payments; claimed that he was without employment. In July, 1935, the delinquent payments amounted to about $3,000; the son at that time was ill, and a compromise was effected whereby the delinquencies to July 5, 1935, were settled by defendant paying $1750. The son died September 22, 1935, at the age of 16 years and 5 months. Plaintiff paid all funeral expenses. Defendant, after the death of the son, continued to make the monthly payments of $75.00 until February, 1940. At that time he filed motion in the divorce cause to modify, as to amount, the monthly payments. At a hearing on this motion the monthly payments were reduced to $30. Service in the present cause was had on defendant while he was in Kansas City in the matter of his motion to modify.

Plaintiff, in the divorce case, was represented by C. A. Burney, a member of the Kansas City bar, but now deceased. Defendant entered his appearance in the divorce case, but did not contest. Charles M. Blackmar of the Kansas City bar prepared defendant's formal entry of appearance in the divorce case and represented him in so far as he participated in the divorce case. Defendant's defense of nonliability in the present cause is based on an alleged agreement with plaintiff in Mr. Blackmar's office in the latter part of January, or early part of February, 1921, about two months prior to the divorce, but after the final separation. Of this alleged agreement defendant testified:

"Mrs. Marley asked whether there was any chance for a reconciliation between us. I said, 'No, there was none'; that I didn't see any point in our trying to go on. I said a divorce seemed to be the only way out of our difficulty. Mrs. Marley said in the event of a divorce she would expect to have the custody of our boy, and I agreed. Q. What was said? A. And I said I felt anyone so young as he (2 years) should be with his mother. She said she would expect to receive a regular sum of money for the boy's support. She said she did not expect anything from me for herself, and that she expected to be employed, but when it came to the support for the boy, she would look to me for that. I agreed, and I asked what figure she had in mind. She mentioned $100.00 a month. I said I thought that was a little too much. She said $75.00 would be the least she would expect. I said I would attempt to pay that much. She later upped it to $100.00, then came down to $75.00. Mrs. Marley said she expected to retain the services of an attorney in the next few days, and that I would undoubtedly hear from him directly. With that understanding, she left the office of Mr. Blackmar." There was other evidence tending to support defendant's claim as to the purpose of the allowance of $75.00 per month, but it will not be necessary to set such evidence out.

Objection was made to the evidence of defendant as to the alleged agreement on the grounds: (1) That such was at variance with the terms of the divorce decree; (2) that all prior agreements, if

any, on marital matters were merged in the divorce decree; and (3) that the conversation, if it occurred, was privileged.. The trial court permitted defendant to testify as to the alleged agreement, but sustained plaintiff's motion to strike on the theory that the conversation was privileged.

Notwithstanding that defendant's evidence as to the conversation was stricken, the trial court considered it. The court made a finding of facts and among the findings are the following: That the divorce decree made no provision for defendant to support and maintain the son, but that the decree awarded plaintiff $75.00 per month as alimony, and, "the court further finds that on the 22nd day of September, 1935, the said Robert Cedric Marley, Jr., the minor child of the plaintiff and defendant, died, and that the plaintiff herein at all times from said 5th day of April, 1921 (date of divorce) until the day of the death of said child, had his care, custody and control, and paid for the board, lodging, clothing, maintenance, support and education of said child, and that in addition thereto, she paid all of the costs for the medical, dental and surgical attention and the hospital expenses necessary to preserve the health of said minor child, including those incurred during his last illness, and also all of the burial expenses of said child, the last item of said expense so paid by plaintiff being the payment of a doctor bill on August 7, 1936. That plaintiff paid out in support and maintenance of the infant child a sum in excess of $11,000.00; that defendant paid to plaintiff, Marion W. Marley. from the date of divorce down to February, 1940, in excess of $17,000.00. The court further finds that immediately prior to the decree of divorce in 1921, plaintiff and defendant entered into an oral contract, whereby the defendant herein agreed to pay to plaintiff the sum of $75.00 per month for support and maintenance of this plaintiff and their infant son; that thereafter the aforesaid divorce decree was entered of record." Following the finding of facts the court entered judgment for defendant.

██ Absent any order in the divorce proceedings as to the support and maintenance of the son, and absent a binding agreement to the contrary, defendant was liable, in a reasonable sum, to plaintiff for the support and maintenance of the son. Kelly v. Kelly, 329 Mo. 992, 47 S. W. (2d) 762, 81 A. L. R. 875; Dickey v. Dickey (Mo. App), 132 S. W. (2d) 1026; Hohler v. Fuchs (Mo. App.), 156 S. W. (2d) 21; Lukowski v. Lukowski, 108 Mo. App. 204, 83 S. W. 274; La Rue v. Kempf, 186 Mo. App. 57, 171 S. W. 588.

██ Three questions are presented: (1) Was defendant's evidence as to the alleged agreement competent under the pleadings and under Sec. 1892 R. S. 1939, Mo., R. S. A., Sec. 1892? (2) If such evidence was so competent, was it sufficient to establish the alleged agreement? And (3) if the evidence was sufficient to establish the

alleged agreement, can the judgment be sustained on any theory under the pleadings?

In view of the pleadings the only question to be ruled is the third question. This is a law case and the result reached by the trial court, in effect, amounts to a construction of the term *alimony* in the divorce decree, and in effect the trial court construed such term to mean support and maintenance for the son. In the petition plaintiff alleged the marriage, the birth of the son, the divorce granted to her; that the custody of the son was awarded to her and that she spent from her own funds the amount sued for in the support, education, etc. of the son, including funeral expenses of the son. And plaintiff alleged that the divorce decree made no provision for the support and maintenance of the son, and that defendant had not contributed to the son's support.

Defendant in his answer admitted the marriage and other allegations about which there was no dispute; denied that plaintiff paid for the support, education, etc. of the son "out of her own funds"; denied that he failed to contribute to the support of the son, but alleged that from the date of the divorce he "contributed funds (the $75.00 per month allowed as alimony) for the support of said child which said funds were accepted by the plaintiff for the purpose of the maintenance of said child." Defendant further alleged that "the maintenance of said minor was the subject of an agreement (the alleged agreement testified to by defendant) between plaintiff and defendant, which said agreement the defendant has fully performed." But defendant did not cross complain in a count in equity to correct or explain the divorce decree which allowed alimony only.

All the evidence as to the alleged agreement, and such evidence did not go in without objection, was a collateral attack upon the validity of the divorce as to alimony. Such evidence was to the effect that the term alimony in the divorce decree did not mean *alimony,* but meant support and maintenance for the son. The term *alimony,* in a divorce decree, has a definite meaning in law, and means an allowance made by the court for the support of the divorced wife herself; and the term maintenance in a divorce decree has reference to the support of the minor child or minor children of the marriage, even though the payments are made to the divorced wife. Hagemann v. Pinska et al., 225 Mo. App. 521, 37 S. W. (2d) 463, l. c. 466. On the face of the judgment only *alimony* was awarded; extrinsic parol evidence under the pleadings was not admissible to modify, explain, or contradict the judgment. Dickey v. Dickey, supra [132 S. W. (2d) 1026]; State ex rel. Gregory v. Henderson, 230 Mo. App. 1, 88 S. W. (2d) 893, l. c. 905, 906, and cases there cited.

There is no occasion to prolong the discussion. We are constrained to rule and do rule that the judgment entered by the trial court cannot be sustained on any theory under the pleadings.

■ "It is settled doctrine that courts of equity have jurisdiction to grant relief against the enforcement of judgments at law where such judgments were obtained or entered through fraud, accident, or mistake. Mistakes of fact, whether committed by the court, the clerk, or by one of the parties or their attorneys, have been successfully employed as grounds for obtaining the interposition of courts of equity, and securing the relief of the party injured by the mistake." Overton v. Overton et al., 327 Mo. 530, 37 S. W. (2d) 565, l. c. 567. We do not think that the cause should be remanded with direction to enter judgment for plaintiff. If on a retrial defendant chooses to cross complain in equity, he will be permitted to do so, and if he can establish that the $75.00 per month allowance for *alimony* only was the result of accident or mistake (no fraud is suggested), he will be entitled to whatever relief may be just.

The judgment should be reversed and the cause remanded. It is so ordered. *Dalton* and *Van Osdol, C.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.