**Robbiesteene JOSEY, Respondent,**

v.

**Charles FORDE, Appellant.**

No. 47812.

Supreme Court of Missouri,

Division No. 2.

Sept. 12, 1960.

Selden Blumenfeld, James L. Zemelman, Blumenfeld & Abrams, St. Louis, for appellant.

S. R. Redmond, Henry D. Espy, St. Louis, for respondent.

BOHLING, Commissioner.

Robbiesteene Josey sued Charles Forde, her former husband, for the support and maintenance of their two children, asking $18,000 for their support and maintenance from November 1, 1952, to November 1, 1957. See Allen v. Allen, 364 Mo. 955, 270 S.W.2d 33 [5–7]. The trial was to the court without a jury and judgment was entered for plaintiff in the amount of $8,000. Defendant has appealed and contends plaintiff failed to make a prima facie case. Counsel for appellant in this court did not represent the defendant at the trial.

Plaintiff and defendant were divorced by a decree of the Superior Court of Richmond County, Georgia, July 19, 1951. Plaintiff was awarded the custody of their two children, to-wit: Charles P. Forde, II, born April 17, 1948, and Effie E. Forde, born March 19, 1949. The decree was silent on the subject of the support and maintenance of the children.

Plaintiff and defendant lived at Augusta, Georgia, at the time of the divorce. Plaintiff was practicing medicine and placed the children with her mother in Augusta, where they have continued to live. Sometime in 1953 plaintiff came to St. Louis and worked at the Homer G. Phillips Hospital, receiving approximately $100 or $150 a month,

with an increase of $20 or $30 a year. Plaintiff went to Washington, D. C., in 1956, and has since worked and lived at the Freedman Hospital there. Plaintiff testified that the cost of food, lodging and clothing for the children from November 1, 1952, to November 1, 1957, averaged between $200 and $250 a month, about $100 a month a child. She testified she paid "those moneys in cash" and also that she had not been able to pay the full amount; that her mother helped her with $50, maybe $75, a month, and that she owed her mother. The girl had a throat ailment in 1955 and the expenses of a trip to Washington and treatment at Freedman Hospital were incurred, plaintiff having to pay at the hospital only for the medicine, about $14. The boy developed a defective foot in 1957 and had to wear special shoes, which cost about $75 for several pairs in 1957. The boy started to school in 1954 and the girl in 1955; and in addition to the books, plaintiff paid approximately $40 tuition a semester for each child, $160 a year for the two. The children also took music and dancing lessons. On several occasions she wrote defendant for money and he sent "one forty dollars."

Defendant was called to the stand by plaintiff. He testified he had been practicing medicine in St. Louis since October, 1953. He interned at the Homer G. Phillips Hospital from 1949 to July, 1953, and his take home pay, after deducting room and board, was about $40 each two weeks, but he thought, in 1953, his take home pay was $60 every two weeks. He estimated that his gross income was $3,000 in 1953, was between $10,000 and $11,000 in 1954 and 1955, and about $11,000 in 1957. He put his office expense at $4,800 to $5,000 in 1957. He sent his son a bicycle, but had not sent any gift to his daughter. While defendant was on the stand he stated plaintiff only wanted the custody of the children and not anything from him at the time the divorce was granted. Asked if he were willing to support his children now, defendant answered in the affirmative and stated he could now give plaintiff $100 a month.

Defendant does not contest his obligation to support his children and plaintiff's right to maintain an independent action at common law to recover her necessary expenditures for their support. Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300, 303 [3], and authorities cited.

■ Defendant contends there was a complete failure of proof that the items plaintiff furnished the children were in fact "necessities." Defendant's case of Gately Outfitting Co. v. Vinson, Mo.App., 182 S.W. 133, 134 [4], states that "necessaries" include food, drink, clothing, washing, medicine, instruction, a suitable place of residence, and in nearly every family some comforts in excess of the strict necessities of life are enjoyed and treated as necessaries. "It is essential to the welfare of the state that infants be fed, clothed, lodged, and educated * * *." State v. Thornton, 232 Mo. 298, 134 S.W. 519, 521, 32 L.R.A., N.S., 841. And: "It is a matter of common knowledge that food, clothing and expenses in sending a child to school are necessaries." Davis v. Gould, 234 Mo.App. 42, 131 S.W. 2d 360, 364 [11]. The evidence established that the expenses incurred for the children embraced food, lodging, clothing, medical attention, tuition and school books. The contention is ruled against defendant.

Defendant says there was no credible evidence establishing the reasonable value of the support and maintenance plaintiff claims to have furnished the children, and the court should have dismissed plaintiff's petition or granted defendant a new trial.

■ Plaintiff's evidence did not make as satisfactory a showing for a plaintiff as was made in Broemmer v. Broemmer, supra, 219 S.W.2d loc. cit. 301, 302; French v. Burlingame, 155 Mo.App. 548, 134 S.W. 1100, and other cases. Plaintiff did not itemize her expenditures. This was considered not

**16**

essential in Bennett v. Robinson, 180 Mo. App. 56, 63, 165 S.W. 856 [3]; Waller v. Mortz, Mo.App., 294 S.W. 420, 421 [3, 4]. Plaintiff's evidence appears to be somewhat like the plaintiff's in Davis v. Gould, supra, 131 S.W.2d loc. cit. 362, 363, 364 [12], which was considered sufficient, although the court suggested that upon a retrial ordered on other grounds that the items be developed with greater particularity. In Kinsella v. Kinsella, Mo.App., 60 S.W.2d 747, the parties stipulated that in case of a divorce plaintiff was to receive $10 a week alimony and $5 a week for the support and maintenance of their minor child. The evidence conformed thereto. The trial court, however, allowed plaintiff $17.50 a week. This was approved by the appellate court, allocating $11.50 to plaintiff for alimony and $6 for the support of the child. As before stated, the children were furnished food, lodging, clothing, medical attention, and books and tuition for an education, all of which classify as necessaries. It may be that there is no sufficient evidence for an allowance covering the music and dancing lessons; but there is nothing in this record to show that the court allowed for any improper item. Plaintiff's evidence was to the effect $200 a month had been expended for the children, which, if believed, would call for a judgment of $12,000. The judgment was for $8,000. Defendant's willingness to pay $100 a month now was some evidence of the reasonableness of the $8,000 award, which is at the rate of $133 a month; that is, $17 per child per month in excess of defendant's $100 a month. The court made no specific findings of fact or conclusions of law, and it is not established that the judgment of the court is clearly erroneous. § 510.310 RSMo 1949, V.A.M.S; Sando v. Phillips, Mo., 319 S.W.2d 648, 652 [9, 10].

The judgment is affirmed

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.