Edith SISCO, Plaintiff-Respondent,

v.

Albert SISCO, Defendant-Appellant.

No. 30486.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1960.

———◆———

Frank E. Doyle, St. Louis, Fletcher P. Gotter, Overland, for appellant.

Fred A. Gossom, St. Louis, Ben J. Weinberger, St. Louis, for respondent.

BRADY, Commissioner.

The respondent was granted a divorce from appellant on July 16, 1948, in the Circuit Court of St. Louis County. Under the provisions of the decree thereof, respondent received custody of the three minor children born of the marriage and was awarded $7 per week per child for their support, $1 per month as alimony, and an allowance for her attorney's fees and costs. Reasonable visitation privileges were granted to the appellant. The record discloses the next happening to have occurred on April 6, 1959, when respondent filed a verified motion for execution and therein stated that no part of the judgment had ever been paid. One month later, the appellant filed his motion to quash execution, based on the grounds that nothing having been paid on the judgment and no revival having been accomplished the judgment was dead. Respondent then filed a motion to strike the motion to quash and also a motion to modify. In this latter motion it was alleged that it was now impossible to provide support and maintenance for the children on the amount awarded because of (1) increased costs of living and (2) the present ages and requirements of the children. It was also alleged that the appellant's circumstances had now changed for the better and the support and maintenance for the children should be increased to $16.66 per child per week, and alimony should now be $5 per week. Hearing was then held on the respondent's motion to quash execution. This hearing consisted entirely of argument by counsel and questions of counsel by the court. It appearing that the court was going to grant time for briefs on the question of the motion to quash, respondent's counsel conceded the motion to quash properly lay, and the trial court then overruled the motion to strike and sustained the motion to quash. Whereupon trial proceeded upon the respondent's motion to modify. The record does not disclose any objection to this procedure on the part of the appellant. Counsel did state,

"May I make this suggestion? It seems to me that before hearing any testimony with reference to the motion to modify that it ought to be cleared up whether or not the Court has jurisdiction to modify a defunct judgment."

The court indicated that in its opinion it had such jurisdiction, having continuing jurisdiction over the children until they were 21 years of age or emancipated. No further objection was made and respondent offered testimony. The record discloses no testimony on the part of appellant, but neither was any other objection made nor

was any motion offered by appellant at the close of respondent's case.

The trial court took the matter under advisement and later entered its decree modifying the original decree by taking one of the three children out from under the provisions for support and maintenance because of emancipation, increasing the support and maintenance for the other two children to $10 a week each, and awarded $100 as attorney's fee. The court refused to modify the original decree as to the alimony allowance " * * * for the reason that the judgment heretofore entered herein in that respect became dormant for failure of revival as by the statutes provided; * * *" appellant's timely motion for new trial or rehearing was overruled, and he has perfected this appeal.

There is only one point for our consideration raised by appellant's brief. That is, did the trial court commit prejudicial error in modifying the decree because the judgment thus modified had become dormant and satisfied under the statutes and no longer existed? We have not been favored with a brief by the respondent.

Section 516.350 RSMo 1949, V.A.M.S., provides:

"Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. (R.S.1939, § 1038)"

■ The term "alimony", as used in a divorce decree containing no other explanation of the term, means an allowance for support of the wife alone, and "maintenance" means support for the minor children. Marley v. Marley, 356 Mo. 870, 204 S.W.2d 261; Goodwin v. Goodwin, Mo. App., 277 S.W.2d 850. What the trial court did in this case was to agree with appellant that the judgment as to "alimony" could not be modified because ten years had expired without payment or revival, and at the same time agree with respondent that the judgment could be modified as to support and maintenance.

In the case of Mayes v. Mayes, 342 Mo. 401, 116 S.W.2d 1, an appeal was taken from a judgment quashing an execution obtained by the wife. The appeal was to the Kansas City Court of Appeals (Mo.App., 104 S.W.2d 1019) and that court reversed the judgment in the trial court, but because of conflict between that decision and earlier cases decided by this court, notably Hauck v. Hauck, 198 Mo.App. 381, 200 S.W. 679, the decision was certified to the Supreme Court. The same arguments were made before the Supreme Court that are inherent in the position of the respondent in this case, and in the statement by the trial court that it had continuing jurisdiction over the minor children until their emancipation or they reached their majority. That argument finds its basis in § 452.070 RSMo 1949, V.A.M.S. (§ 1355, R.S.Mo.1929 at the time of the Mayes decision) which provides:

"When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of

the parties and the nature of the case, shall be reasonable, and when the wife is plaintiff, may order the defendant to give security for such alimony and maintenance; and upon his neglect to give the security required of him, or upon default of himself and his sureties, if any there be, to pay or provide such alimony and maintenance, may award an execution for the collection thereof, or enforce the performance of the judgment or order by sequestration of property, or by such other lawful ways and means as is according to the practice of the court. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases. (R.S. 1939, § 1519)"

Section 452.110 RSMo 1949, V.A.M.S. § 1361, R.S.Mo.1929, at the time of the Mayes decision), provides:

"No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases. (R.S.1939, § 1525.)"

Based on that section, the argument proceeds as follows: that the duty of supporting the minor children primarily rests upon their father; that the divorce court retains jurisdiction during the children's minority to modify or alter the original decree as to custody and maintenance; and that therefore a judgment rendered in favor of a wife for support of a minor child can never become dormant during the minority of the child regardless of the passage of more than ten years without payment or statutory revival. This same argument is found stated in Mayes v. Mayes, supra, 116 S.W.2d 1, at loc. cit. page 4.

In the Hauck case, 198 Mo.App. 381, 200 S.W. 679, supra, a decree of divorce was entered in 1903 awarding the wife a divorce, custody of the minor son of the marriage and $15 a month for the boy's maintenance. An execution and also a garnishment was taken out in that same year, and the wife, availing nothing by either process, dropped the matter until 1915. In that year she filed a "motion entitled in the cause" asking the court to require the husband to give security for the payment of the maintenance award, and averring that nothing had ever been paid on the judgment. This court held, 200 S.W. at loc. cit. page 680,

"Our court, on full consideration, held in Dreyer v. Dickman, 131 Mo. App. 660, 111 S.W. 616, that a judgment for permanent alimony to be paid in continuous monthly installments was subject to the same incidents as any other judgment, and that an execution could not be issued upon it after the expiration of ten years from its rendition, the original judgment not requiring defendant to give security for the alimony nor providing any other method for its collection except the issuance of an execution. We accepted that as a correct ruling in Francis v. Francis, 192 Mo.App. 710, loc. cit. 719, 179 S.W. 975, and are not aware of any decision by any of our courts in which it has been challenged.

"In Biffle v. Pullam, 114 Mo. 50, 21 S.W. 450, our Supreme Court held that judgments for alimony in divorce proceedings were subject to the same incidents as judgments in other actions at law, and an action for divorce is an action at law. Chapman v. Chapman, 269 Mo. 663, 192 S.W. 448.

"Applying these principles to the case at bar, it follows that when the motion was made here to compel the defendant in the divorce action to give security for the payment of the amount allowed for the maintenance of the son, the judgment was dead, more than ten years having expired from the date of its rendition. No execution could now be issued on it and it follows that no order could now be made requiring security for its payment for such an order can only apply to a live judgment."

In its consideration of the Mayes case, at 116 S.W.2d 1, loc. cit. page 3, the Supreme Court emphasizes the difference in the rulings of this court in the Hauck case, and the earlier decision of the Kansas City Court of Appeals in the first Mayes case (Mo.App., 104 S.W.2d 1019) by stating:

"Most of the above cases involved alimony to the divorced wife, and the majority opinion of the Court of Appeals without deciding whether or not they correctly apply the statutory provisions relative to judgments and executions in such situation, held in this case that such construction and application of those statutes should not be made where the judgment or award was for the support of a minor child whose custody was awarded to the mother in the divorce suit. The Hauck Case, however, as is conceded, is directly in point here. In that case the wife, in a divorce action, obtained judgment of divorce, was awarded custody of the minor child of the marriage and a monthly allowance for support of the child. It was held that no execution could issue on the judgment after ten years from its rendition. Can the distinction indicated by the Court of Appeals' decision be properly made?"

The Supreme Court then held that the distinction could not be made, and overruled the earlier Mayes decision of the Kansas City Court of Appeals. The court held that a judgment in a divorce action, so far as it concerns alimony to the wife or so far as it concerns an allowance to the wife for support of the minor children, is subject to the incidents of money judgments in other action at law, even though the allowance be payable periodically, and becomes dormant ten years after rendition, absent revival or payments. The result of the cases then is that actions to enforce either the alimony or the maintenance provisions of decrees will not lie where over ten years has elapsed without payment or statutory revival.

With this background out of the way, we proceed to the major point in the case now before us. The question is, can a decree of divorce providing for alimony and for support and maintenance of minor children, on which no payments have been made and which has not been revived as provided by §§ 511.370–511.430 RSMo 1949, V.A.M.S., be modified? In Papenberg (now Lodahl) v. Papenberg, Mo.App., 289 S.W.2d 468, we held the method of revival stated in those cited sections of the statutes to be exclusive. The trial court has held that such a decree can be modified as to the support and maintenance of the children, but cannot as to the alimony provisions thereof. We cannot see any reason for such a distinction. Both alimony and maintenance awards have repeatedly been held to have the incidents of money judgments in actions at law. The same rule applies to both when an action to enforce their collection or a separate action to recover for those expenses advanced by others is concerned, and we can discern no logical reason why any difference should be made between alimony and maintenance provisions when modification after ten years without payment or revival is concerned.

The trial court's result, we believe, is undoubtedly based upon its consideration of its jurisdiction over the minor children until majority. With this we have no quarrel. It is so. But a logical inquiry into that

very statement leads to the very opposite result from that arrived at by the trial court. The word "modify," Webster's New International Dictionary, 2d Edition, tells us, means " * * * To change somewhat the form or qualities of; to alter somewhat; * * *." By its very definition, it implies something in existence to be changed or altered. In the case of custody of minor children, there is something in existence, for the court's authority extends until their majority or emancipation. The judgment as to custody does not come under the provisions of § 516.350 RSMo 1949, V.A.M.S., supra, as there is nothing to be "presumed to be paid and satisfied." Neither have the custody provisions of a decree been held to have the incidents of ordinary money judgments at law and could not, for obvious reasons. Historically, the trial court's jurisdiction as to the custody of minor children springs from the ecclesiastical courts, and thus from a different beginning from that of money judgments. See Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066, for a discussion of the historical antecedents of alimony. The custody provisions of the decree remain in force after the expiration of the statutory period provided by § 516.350, supra, and furnish a thing in being, a live and patent matter, which can later be modified, the proper circumstances being shown. But none of what we have just said has any application to that part of the decree awarding money to the wife for alimony and to the children—in reality, to her for the children—for support and maintenance. These portions of the decree have different origins, and indeed are possessed of the incidents of ordinary money judgments. They lend themselves to other means of enforcement, such as garnishment and execution, than does the custody provision, and they clearly fall within the meaning and intent and, in that they do constitute something that can be paid and satisfied or paid in part, come within the specific language of § 516.350, supra. The language of that section is clear and unequivocal: judgments that fall thereunder shall be "conclusively presumed to be paid." That being so, and the judgments for alimony and for support and maintenance having been held to fall thereunder, for the purposes of defeating attempts at enforcement by execution, garnishment or separate actions to recover for money spent in maintaining the child or children, we think it equally logical that such judgments or portions of the decree should be treated likewise under these facts. It follows that the alimony judgment and that for support and maintenance each became satisfied and paid at the expiration of ten years from their entry, absent payment to toll the statute or statutory revival. That being so, there was nothing in existence for the court to modify; that is, to alter or change. To modify a dead thing would be a useless act, and so modification will not lie in this situation, neither as to alimony nor as to support and maintenance.

In so ruling, we hasten to point out that modification of the custodial provisions of the decree were neither requested nor made by the trial court, and that issue is not in this case. What we have said herein on the subject was by way of explanation of the logical reasoning for our ruling upon the specific question herein presented, and should only be read in that light.

The result renders unnecessary any ruling upon whether or not such change of condition was shown as to justify the modification ordered by the trial court.

Whatever may be the practical remedy of the respondent in this case (see Davis v. Gould, 234 Mo.App. 42, 131 S.W.2d 360) for the support of the minor children between the date the judgment she herein sought to modify became dormant, paid and satisfied under the provisions of § 516.350, supra, and their majority or emancipation, her action can not affect the obligations of the appellant for the previous ten years. It is the Commissioner's recommendation that the judgment be reversed and the cause remanded, with directions to enter judgment for the appellant.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment is therefore reversed and the cause remanded, with directions to enter judgment for the appellant.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.