Mary A. HOWARD, Appellant,

v.

Eugene M. HOWARD, Respondent.

No. 39494.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 31, 1978.

David B. Tobben, Daniel M. Buescher, Union, for appellant.

Mittendorf & Mittendorf, Larry G. Mittendorf, Union, for respondent.

CLEMENS, Judge.

The issue here is whether the ten-year statute of limitations, § 516.350, RSMo. 1969, prevents enforcement of a dormant 17-year-old child-support judgment. The trial court so held and plaintiff has appealed. We affirm.

The parties were divorced in 1960 and defendant was ordered to pay $60 a month for child support. In 1977 plaintiff was granted execution and garnishment for the entire judgment. Plaintiff pleaded neither partial payment nor revival of her judgment. Defendant, relying on the ten-year statute of limitations, moved for judgment on the pleadings and the trial court quashed the execution.

In *Sisco v. Sisco*, 339 S.W.2d 283[2, 3] (Mo.App.1960), following the earlier case of *Mayes v. Mayes*, 342 Mo. 401, 116 S.W.2d 1[1] (1938), we held a judgment for periodic payments of child support is a monetary judgment in favor of the mother-custodian, and becomes dormant ten years after rendition except when kept alive by payment or revival.

On appeal, for the first time, plaintiff contends the judgment is still alive because of defendant's absence from the state. No such contention was made in the trial court, so on the record there was no basis for error.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.