### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1855, AT ST. LOUIS.

---

MEGEHE, Respondent, *vs.* DRAPER, Appellant.

1. A. sued B. for causing to be sold under an execution against A. certain property selected and claimed by A. as exempt from execution under the act of February 6, 1847, (see Sess. Acts, 1847, p. 52). *Held* that it is no defence to this action that A., at the time of the levy and sale, had other property, not specifically exempt from execution, more than sufficient to pay the debt, which he concealed from the officer, so as to keep it out of the reach of the execution.

*Appeal from Hannibal Court of Common Pleas.*

The case is sufficiently stated in the opinion of the court.
*Richmond* and *Allen*, for appellant.
*Harrison & Hawken* and *Cooke*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Draper, caused the plaintiff's property to be levied upon under and by virtue of an execution. The plaintiff claimed the property, to the value of $150, as exempt from

Megehe *v.* Draper.

execution, under the act of the legislature, of February 6, 1847, and the property was duly appraised. The defendant afterwards caused the property to be sold under the execution, and this suit is brought for that wrong.

The defence relied upon is, that the plaintiff, at the time, had other property not specifically exempt from execution, more than sufficient in value to pay the debt, which he concealed from the officer, so as to keep it out of the reach of the execution.

Upon the plaintiff's motion, this part of the defendant's answer was stricken out, and the defendant excepted. Upon the trial, the defendant offered to prove the same matters before the jury; which proof was rejected, and the defendant excepted. There was a verdict for the plaintiff, and judgment thereon.

The defendant moved for a new trial, which was refused, and he brings the case here by appeal.

1. The only matter for our consideration involves the act of the court below in rejecting the evidence on the trial, and in striking out the answer, or that part of the answer setting up the above matters in defence. If the court properly struck out that part of the answer, then it was proper also to reject the evidence in relation to the same subject matter.

This court is of opinion, that the matter set up in the defendant's answer was well stricken out. It affords no defence to the plaintiff's action. The statutes reserving and exempting certain specific property from execution, and property real, personal and mixed, from execution, to a certain amount in value, were not made alone for the benefit of the debtor. He must be the head of a family. The legislature had an eye to the family of the debtor, to his household, and determined to prevent as much suffering and misery from entering into such abodes as they could, by saving to them the small allowance mentioned in the statutes. These statutes, so productive of good to the classes which generally so much need protection, deserve and meet with liberal interpretation from the courts.

It would at once destroy all the intended benefit of these statutes, to suffer such a defence to be set up against those

claiming the protection under them. If the defendant in the execution, who claims the property to be exempt, has concealed and hid, or placed beyond the immediate reach of the officers of justice, his property, and this fact be known to the plaintiffs in the execution, let them ferret out the hidden property and take steps to reach it, and subject it to the process of the law. The burden should be on their shoulders. If the plaintiff here in the execution asserts that the defendant has concealed his property, let him search out the property with his writ of execution. He can garnishee under execution the persons in whose possession the property is supposed to be. Let him take this course. He has no right by act to destroy the obvious intention of the statute in favor of the helpless and needy, when he can so easily, by garnisheeing, reach the hidden or concealed property. It will not do to say that he cannot find it, or does not know where it is. He charges that the defendant has concealed it ; then the law gives him means to pursue it. Let it once be understood that such an allegation in a defendant's answer, in cases like the present, will be availing, and you might as well strike the whole provision exempting property from execution from the statute book.

The judgment below is affirmed ; the other judges concurring.