McNEELEY, Respondent, v. HUNTON, Appellant.

1. To constitute a person a trespasser in the wrongful seizure and removal of the property of another, it is not necessary that he should actually partici-pate in the act of seizing and removing; if he directs or assents to the tres-pass—as by directing the sheriff to levy an execution upon such property—he is liable as a trespasser.
2. Where it was the uniform practice of a circuit court not to try cases re-versed and remanded by the supreme court at the first term next after such reversal, *held*, that it was no error to continue such cause at such term.

*Appeal from Dade Circuit Court.*

This case has heretofore been in the supreme court. (See McNeeley v. Hunton, 24 Mo. 281.) It was reversed and remanded in behalf of the defendant at the January term, 1857, of the supreme court. At the August term, 1857, of the circuit court, the defendant moved the court to dis-miss the cause on the grounds that he, defendant, was ready for trial; that plaintiff had not asked, and filed affidavit, for a continuance; that plaintiff would not then proceed to trial; that plaintiff offered no reason for a continuance. The court overruled the motion. The court overruled the motion on the "ground that it was the practice of *this* court not to try any cause at the first term after it is sent back from the su-preme court." The same motion was made at the next term.

A change of venue was taken from Benton county to Dade county. The nature of the action is sufficiently apparent from the opinion of the court.

*Ryland & Son*, for appellant.

I. The court erred in refusing to give defendant's last in-struction, as the testimony clearly shows that the plaintiff's son, William McNeeley, carried the horses to Warsaw and the sheriff took them and sold them there. The simple act of a plaintiff in execution bidding for property at sheriff's sale does not make him a trespasser, and Hunton is sued in this case as a trespasser. The court should have dismissed the plaintiff's suit for neglecting to prosecute it, as the law

required, instead of permitting her to continue it without any cause or any motive therefor, or any reason given therefor, an arbitrary continuance.

*Johnson & Ballou*, for respondent.

I. There is no error in the decision of the circuit court in not requiring the plaintiff to be ready with witnesses to prosecute her suit at the first term after the judgment of reversal of it had been filed in the circuit court. The practice has been to the contrary, and it has arisen from the fact that it can not be known what course will be taken until the first term. The plaintiff may wish to amend or to dismiss; the issue may have to be changed; and this general rule has been adopted and is known to the attorneys, and it has been conformed to. It is not an error that defendant can complain of.

II. The instructions given on the part of the plaintiff put the case as fairly before the jury upon the pleadings and evidence as the defendant could ask. The instruction that the court refused on the part of defendant is not law. To make defendant liable it is only necessary that he should direct or assent to a trespass, and he did both. This question was not and could not be an issue before the jury, whether or not he seized, took and led away the horses; he put in a plea justifying the taking, and admitted the taking of the same horses sued for, and alleged that they belonged to Burns.

III. The court should affirm the judgment. There is no error committed to the injury of the defendant.

IV. And we insist that the court should give plaintiff damages in this case at ten per cent. It has been delayed at defendant's instance one whole year in this court, and the ground for an appeal is a mere pretence.

EWING, Judge, delivered the opinion of the court.

This was an action against the defendant for the alleged taking and carrying away of certain horses, the property of the plaintiff, and causing them to be levied on and sold by the

sheriff of Benton county. The answer denied seizing and taking away the horses as charged in the petition, but alleged that the horses mentioned in the petition were the same that were sold under an execution in favor of defendant and against one James Burns, and that they were the property of said Burns and not of the plaintiff. The errors assigned are the giving and refusing instructions and overruling defendant's motion to dismiss the cause. The instructions given on the part of the plaintiff presented to the jury fairly and clearly the law arising upon the pleadings and evidence. The questions for the jury were whether the horses were the property of the plaintiff, and, if so, did the defendant cause them to be levied on and sold as the property of the execution debtor Burns? These points were submitted to the jury in the first instruction given for the plaintiff.

The second instruction was based upon evidence touching the agency of Burns in purchasing the horses in controversy, and declared that although Burns may have purchased them, yet if, in doing so, he was the plaintiff's agent, and the money for that purpose was furnished by her, she is entitled to a verdict. This instruction needs no comment; it was obviously correct. All the instructions asked by the defendant were given except the following, namely: "That unless the defendant seized, took and led away the horses in plaintiff's petition mentioned, they should find the issues for defendant." This instruction erroneously assumes that the defendant could not be a trespasser without an actual participation in the act of seizing and removing the property from the owner's possession. It is hardly necessary to say that such is not the law, and that he who directs or assents to a trespass is liable equally with him who does the act which constitutes the trespass. If the defendant caused or directed the horses to be levied on and sold, he was a trespasser, notwithstanding he may not actually have taken them from plaintiff's possession, or aided in doing so. Although the answer may not be considered as admitting the allegation of the petition that defendant directed the property to be

levied on and sold, yet there was evidence conducing to show this, and it warranted the instruction that was given for the plaintiff.

As to the other point respecting the dismissal of the cause, it is sufficient to say that this ruling was shown to be sanctioned by the uniform practice of the court, and, without passing upon the propriety of such practice, we can not say that the court erred in refusing to make the plaintiff an exception to the rule, a rule with which both parties are presumed to have been equally cognizant. The rule being not to try a cause reversed and remanded by this court until the second term after such reversal, we suppose that at the first term thereafter the cause would be continued as a matter of course, without a formal application therefor by the party. Such we understand was the disposition of this cause in the court below.

Judgment affirmed; Judge Napton concurring. Judge Scott absent.