JOSEPH NORMAN, Respondent, v. BERT HORN, Appellant.

St. Louis Court of Appeals, May 14, 1889.

1. **Conversion**: PLEADING. A petition, which alleges a wrongful or tortious taking of the plaintiff's property, states a good cause of action for a conversion.

2. **Attachment**: INSUFFICIENT AFFIDAVIT: TRESPASS. A writ of attachment issued upon an affidavit which recites that it was made by a co-partnership firm, and which is signed by the firm, is without warrant of law, and the seizure of property thereunder is a trespass.

3. ———. A plaintiff in an attachment proceeding based upon such an affidavit is liable, as a trespasser, for the seizure and sale of property thereunder, although the actual trespass may have been committed by the officer who had charge of the writ.

*Appeal from the Greene County Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney*, for the appellant.

The affidavit for attachment, though defective, is not void. It is amendable. Therefore it is sufficient to

warrant the justice in issuing the writ of attachment. Hence the justice, by the levy of a writ of attachment based on this affidavit, acquired jurisdiction of the subject matter. R. S. 1879, sec. 445 ; *Musgrove v. Mott*, 90 Mo. 107 ; *Burnett v. McCluey*, 95 Mo. 230 (overruling *Burnett v. McCluey*, 78 Mo. 576, and *Bray v. McClurg*, 55 Mo. 128) ; *Hardin v. Lee*, 51 Mo. 241 ; *Booth v. Rees*, 26 Ill. 45 ; *Moore v. Mauck*, 79 Ill. 391 ; *Scribner v. Dietz*, 98 Cal. 1. The writ of attachment is regular upon its face, and it appears a levy was made thereunder on the property described in the petition, for which this action is brought. Therefore the court acquired jurisdiction of the subject matter. *Massey v. Scott*, 49 Mo. 278 ; *Hardin v. Lee*, 51 Mo. 241. Therefore the seizure was not a trespass. But even if there has been no sufficient publication, the court having acquired jurisdiction of the subject-matter, the judgment is valid and binding and can not be collaterally assailed. *Massey v. Scott ; Hardin v. Lee, supra.* The appellant did not issue the writ ; he did not direct the levy ; he did not aid therein. He merely invoked the process of the court and invoked it by presenting a defective affidavit, and he can not be held liable as a trespasser or in conversion on account of the error or ignorance of the justice of the peace. 2 Add. Torts (Woods' Ed.) 937, 1032 ; *Nield v. Burton*, 49 Mich. 53 ; *Pigott v. Lilly*, 55 Mich. 120 ; *Wood v. Railroad*, 52 Mich. 402.

BRIGGS, J., delivered the opinion of the court.

This is a suit for conversion, growing out of a seizure of the plaintiff's property under a writ of attachment, issued by a justice of the peace of Greene county, in a suit wherein Horn & Hughes, a firm composed of the defendant and one C. Hughes were the plaintiffs, and the plaintiff Joseph Norman was the defendant.

In this attachment suit, the following paper was filed as and for the statutory affidavit required in attachment proceedings, to-wit:

"Affidavit of attachment.

"Horn & Hughes, Plaintiffs, ⎫   Before W. J. Woods, a
            vs.                ⎬   justice in and for the
"Joseph Norman, Defendant. ⎭   County of Greene.

"The State of Missouri, ⎱
  "County of Greene.  ⎰

"This day personally appeared before me, W. J. Woods, a justice within and for the county of Greene, aforesaid Horn & Hughes say that plaintiffs, Horn & Hughes, have just demand against Joseph Norman, the defendant, and that the amount which the affiant believes plaintiff ought to recover after allowing all just credits and set-offs is $16.95 now due, and that he has good reason to believe that the defendant has absented himself from the state.

                        "HORN & HUGHES.

"Subscribed and sworn to this seventh day of December, 1885, before me.

                    "W. J. WOODS, J. P."

Upon this paper, the justice issued a writ of attachment and the constable of the township, by virtue of this writ, entered the plaintiff's premises and seized the personal property of the plaintiff, consisting of household goods and farming implements, for the purpose of paying the debt claimed to be due from Norman to the firm. Afterwards an order of publication was had against the plaintiff, and judgment rendered against him in the attachment proceedings, and a special execution was awarded with directions to the constable to sell the attached property. The constable did sell the property, and with the proceeds paid the claim of Horn & Hughes against the plaintiff. Afterwards the plaintiff brought the present action against the defendant Horn and the constable, alleging the wrongful taking and conversion of his property. There was a trial

before the judge without the intervention of a jury, resulting in a judgment against the defendant, Horn, for seventy-five dollars. The court held that the constable was not liable.

The defendant Horn has appealed the case and has assigned for error: *First.* That the allegations of the petition did not authorize the introduction of any testimony. *Second.* The court committed error in giving and refusing instructions. *Third.* That the verdict is unsupported by the evidence.

I.   Counsel for the appellant contend that as the petition failed to aver that a demand had been made on the defendants for the return of the property, that a cause of action for conversion was not stated, and that their objection to the admission of any testimony ought to have been sustained. We do not think this position can be maintained.

In an action for conversion, if the petition avers a wrongful or tortious taking, it is sufficient. Proof of the wrongful taking establishes the conversion. On the other hand, if the defendant has, so far as his acts go, lawfully come into the possession of the plaintiff's property, in order for the plaintiff to make a case of conversion, he must aver and prove either that the defendant has used or appropriated the property in such a way as to indicate a claim thereto, adverse to the plaintiff's title or ownership, or that the defendant has refused on demand to give up the property. *Nanson v. Jacob*, 93 Mo. 340; 3 Rob. Pr. 459, 462. The petition in this case avers the wrongful taking of the property by the defendants, which, if true, constituted a good cause of action for conversion.

II.   The controlling question in this case grows out of the instructions. The court instructed as a matter of law, that under the facts established by the evidence the judgment must be for the plaintiff against the defendant Horn. The court refused on the motion of the defendant's counsel to declare, as a matter of law,

Norman v. Horn.

that in this proceeding, the sufficiency of the affidavit in the attachment suit could not be impeached or collaterally attacked.

The respondent has not favored us with a brief, and we are therefore not directly advised of the exact theory of the court in disposing of the case. We must assume, however, that the court determined as a matter of law, that there was *no* affidavit to support or authorize the issuance of a writ of attachment, and that the action of the justice in so doing was a nullity. If the court was right in this, then the attachment process neither protected nor justified any one in acting thereunder; and under this view of the case we can not perceive on what theory the court discharged the constable from liability. If there was no affidavit, then the writ of attachment was unauthorized, and the justice in issuing it acted without jurisdiction. *Burnett v. McCluey*, 78 Mo. 676.

An officer can not justify his action in serving process unless the court from which it emanates had jurisdiction. *Town Warrensburg, etc., v. Miller*, 77 Mo. 56; *Howard v. Clark*, 43 Mo. 344. But it is not necessary to discuss this question as the respondent does not complain, and the discharge of the constable could not be error of which defendant Horn could complain.

The validity of the judgment of the trial court against defendant Horn, as we have previously indicated, depends on the character of the paper filed by Horn & Hughes with the justice, which was evidently intended by them, and regarded by the justice as an affidavit for an attachment. Can the paper be regarded as an affidavit? If it can, then the judgment against the defendant is wrong. Mere informality or insufficiency in the affidavit will not prevent the jurisdiction of the justice from attaching; and when this occurs it can not then be said that the writ of attachment was not properly issued. *Hardin v. Lee,* 51 Mo. 241; and if properly issued, then, it can not be claimed by the plaintiff that his property

in the attachment suit was *wrongfully taken*. But if it is determined that the paper filed is *no* affidavit, then the writ of attachment *was issued* without authority of law, and the plaintiff's property *was wrongfully taken*. We do not think there is much room for controversy as to the character of this paper. The writ of attachment is an extraordinary remedy provided by statute for the collection of a demand, and before a plaintiff can have a right to this writ, and before any court or judicial officer has any authority to issue it, either the plaintiff, or some one for him must make an affidavit ( *i. e.,* a corporal oath ) to the truth of certain facts. An affidavit is a written statement or declaration sworn to before some officer authorized by law to administer oaths, and *signed* at the end by the *affiant* or *deponent*. *Hathaway v. Scott*, 11 Paige Chan. 173. In the case at bar, the affidavit is signed by the firm Horn & Hughes, and we can not understand how the firm, as such, could take a corporal oath. The affidavit can not be regarded as the oath of the individual members of the firm, or of either of them, because the affidavit is not signed by them. It would be impossible to convict either Horn or Hughes for perjury upon the evidence of this affidavit alone. It would be just as reasonable to hold that a corporation, as such, could make an affidavit, as to hold that a firm could.

Our conclusion is that the writ of attachment in this case was without warrant of law, and that the officer, in making the seizure of the plaintiff's property, was a trespasser.

But counsel for Horn urge that even if the attachment writ was a nullity, yet their client is not liable because he did not *direct* the levy and did not *aid* therein. To support this position, our attention has been called to several cases where the liability of the plaintiffs in attachment suits was predicated on the fact that they had *aided* the officer in making the

The State ex rel. Schnaider Brewing Co. v. Edwards.

unlawful seizures, by giving indemnifying bonds, etc. In all of these cases the writs of attachment or other process were lawfully issued, and the officers were required to attach property claimed by others than the defendants in the attachment suits. The courts have very properly held in such cases, that the plaintiffs were the active and moving agents, and cause of the officer's unlawful and wrongful acts, and that they should be regarded as joint trespassers. *Lovejoy v. Murray*, 3 Wall. 1; *Peckham v. Glass Co.*, 7 Mo. App. 593; *Luebbering v. Oberkoetter*, 1 Mo. App. 393; *Kanunck v. Castleman*, 29 Mo. App. 664; *Wetzell v. Waters*, 18 Mo. 396. But the case under consideration is quite different. Here there was no authority for the issuance of the writ, and although the defendant did not directly *aid* or *direct* the levy, yet he was responsible for the initial step taken in committing the wrong against the plaintiff's property rights. It is true that the actual trespass was committed by the constable, and the property taken away and sold by him, yet the defendant afterwards received the benefits arising from the trespass, and under the doctrine of *Alfred v. Bray*, 41 Mo. 487, we think the court did right in rendering judgment against him for the damages sustained.

As the judgment is otherwise supported and authorized by substantial testimony, it will have to be affirmed. All the judges concur.