**Ireta June LANNING,
Plaintiff-Appellant,**

v.

**William O. LANNING,
Defendant-Respondent.**

**No. KCD 29561.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Rehearing Denied Nov. 27, 1978.

Charles F. Crews, Crews, Milliard & South, Kansas City, for plaintiff-appellant.

Henry H. Fox, Jr., and John R. Coffin, Kansas City, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Plaintiff (appellant) and defendant (respondent) were divorced per a final decree dated January 15, 1965, which, inter alia, ordered defendant to pay to plaintiff the sum of $100.00 per month for support of a minor child born of the marriage. Execution was issued on March 7, 1977, to enforce the judgment for child support and a writ of garnishment in aid thereof was served on Covert Marine Co., Inc., as garnishee. Defendant filed a motion to quash the garnishment on March 25, 1977, on the ground that the January 15, 1965, judgment was "dormant and of no effect pursuant to Section 516.350." [1] The motion to quash was sustained, the writ of garnishment was duly quashed by the trial court, and this appeal by plaintiff ensued.

Judgments in divorce actions providing for periodic payments for support of minor children, such as the one presently involved on appeal, are subject to the same incidents as money judgments in actions at

---

1. "516.350. *Judgments presumed to be paid, when—presumption, how rebutted*

Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

law and pursuant to Section 516.350, RSMo1969, are "presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof" absent being kept alive by payments within such period or by revival. *Peterson v. Peterson*, 273 S.W.2d 239, 241 (Mo.1954); *Mayes v. Mayes*, 342 Mo. 401, 116 S.W.2d 1, 3 (1938); and *Sisco v. Sisco*, 339 S.W.2d 283, 288 (Mo.App.1960).[2] The presumption of payment and satisfaction created by Section 516.350, supra, "wipes out or cancels the debt itself" and "extinguishes the right of action", and in this sense is distinguishable from the ordinary statute of limitations which merely bars the remedy. *Wormington (Woolsey) v. City of Monett*, 358 Mo. 1044, 218 S.W.2d 586, 588 (banc 1949).

Although plaintiff concedes that no timely writ of scire facias was ever sued out to revive the judgment and that execution was issued more than twelve years after its rendition, she nevertheless maintains that payments were made on the judgment within ten years of its rendition which breathed continuing life into it. Her only proof respecting payment was a *margin entry purportedly made by her attorney on the judgment record under date of April 11, 1977*, acknowledging receipt of all payments due through December 15, 1965, of several sporadic payments in 1968 and 1970, and of one payment in 1977, to-wit, on March 2, 1977.

■ Under authority of *Eubank v. Eubank*, 29 S.W.2d 212 (Mo.App.1930), plaintiff failed in her attempt to prove that payments made on the judgment tolled Section 516.350, supra. In *Eubank*, as here, an effort was made to enforce payment of a judgment by execution more than ten years after its rendition and absent its timely revival by a writ of scire facias. Also, as here, the only proof of payment relied upon to toll Section 1341, RSMo1919, the precursor to Section 516.350, supra, consisted of a margin entry on the judgment record made by the judgment creditor's attorney more than ten years after the original judgment was entered. Also, as here, there was no proof that the purported payments were made by authority of the judgment debtor. The forerunner of this court held in *Eubank*, 29 S.W.2d 214, that a party "relying on a payment to stop the running of the statute must not only establish that it was made, but that it was made by authority of the defendant" and if an "indorsement [margin entry] is made after the bar, and without the knowledge or direction of the debtor, such indorsement is not admissible as evidence of the fact of payment, which must be proved aliunde." In *Eubank*, as well as here, both judgment creditors relied solely upon recitals of payment in margin entries made on the respective judgment records and totally forewent proof "aliunde" of the fact of timely payments necessary to establish that then Section 1341, supra, and present Section 516.350, supra, were tolled.

For the same reasons the court in *Eubank* ordered the trial court to quash the execution issued therein, this court affirms the judgment of the trial court in the instant case quashing the writ of garnishment issued in aid of execution.

Judgment affirmed.

## MEMORANDUM ON MOTION FOR REHEARING

### PER CURIAM.

Appellant has moved for rehearing on the ground that this court "inadvertently" overlooked the testimony of appellant presented to the trial court by way of an affidavit. The referred to affidavit was not overlooked, inadvertently or intentionally. However, questions of general admissibility aside, it was never considered because it was neither signed nor notarized, and for those reasons alone totally devoid of evidentiary value.

The motion for rehearing is denied.

2. See Annotation 137 A.L.R. 884 and Annotation 70 A.L.R.2d 1250 for collection of cases from various jurisdictions on the same general subject, the majority of which apply a different starting date for the running of statutes of limitation regarding judgments for alimony and child support payable in periodic installments.