C. Dean FERGUSON,
Plaintiff-Respondent,

v.

Marian Ferguson STOTT,
Defendant-Appellant.

No. 39942.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1979.

J. William Holliday, Kahoka, for defendant-appellant.

Tom B. Brown, Brown & Phillips, Edina, for plaintiff-respondent.

KELLY, Judge.

Appellant, Marian Ferguson Stott, defendant in the trial court, brings this appeal from an adverse judgment on her counterclaim whereby she prayed the trial court to set aside a property settlement she and the respondent, C. Dean Ferguson, her former husband, had entered into to dispose of their marital property in a dissolution of marriage proceeding, on the grounds that it had been induced by fraud practiced upon her by respondent.

The facts, briefly stated, were that Marian Ferguson Stott and C. Dean Ferguson were husband and wife for 27 years when their marriage was dissolved in December, 1974. It is uncontradicted that the marital difficulties leading to the dissolution of their marriage were caused by the wife's falling in love with another man who, at the time, was also married. A very short time after appellant's divorce became final she married this other man, who, in the interim, had also obtained a divorce from his spouse.

The divorce of the Fergusons was handled by an attorney known to both. In fact, when initially contacted, he had the daughter of the couple in his employ. At that time this counsel suggested they have other attorneys handle the matter for them. After their initial interview with counsel a reconciliation was effected, but it was of short duration and respondent set up an appointment for them with the same attorney, despite the fact he did not desire a divorce. A property settlement—the one in issue—was prepared and executed by the parties and at the dissolution hearing appellant executed a quit-claim deed to the real estate owned by the parties, conveying same to respondent. The property settlement was admitted into evidence at the dissolution hearing and made a part of the decree dissolving the parties' marriage. The date of the hearing and granting of the dissolution was December 18, 1974. On January 21, 1975, appellant entered into a marriage with Mr. Stott.

Because of a clerical error in the quit-claim deed of December 18, 1974, and the refusal of appellant to execute a second quit-claim deed to the same property curing this defect, respondent instituted this action in January, 1977, seeking an order of the court reforming the original quit-claim deed and compelling appellant to execute a new deed so that a proper description of the property conveyed in the original quit-claim deed should appear.

It was in this action that appellant filed her counterclaim.

The trial court entered a decree for the respondent on his cause of action and ordered the description of the property in the property settlement in the dissolution of marriage action be corrected; that appellant convey forthwith her right, title and interest in the described land and to execute any and all instruments necessary to effect and carry out properly such conveyance so respondent would enjoy a fee simple title in said property. Appellant has appealed from that portion of the judgment denying her counterclaim.

■ The scope of review in this case is controlled by the parameters set out in *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976), and the judgment of the trial court must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law, and a reviewing court should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.

Appellant's Points Relied On are that the trial court erred in finding in favor of the plaintiff-respondent on appellant's counterclaim in that (a) appellant was defrauded of her marital rights in the property accumulated by the parties during the marriage by the fraud and undue influence executed upon her by respondent and his attorney; and (b) the amount of the property received by appellant pursuant to the property agreement is so little compared to the amount received by respondent under the property settlement agreement that it should shock the conscience of the court and said property settlement agreement is not a fair, just and equitable division of the marital rights and is void as being in violation of public policy.

■ The first allegation of trial error preserves nothing for review because it does not comply with the requirements of Rule 84.04(d), being merely a conclusionary statement.

■ Appellant's second Point, despite the fact that it too is in conclusionary form, presents the question whether the property settlement agreement should shock the conscience of this court because it is not a fair, just and equitable division of the marital property acquired by the parties during their marriage.[1]

Appellant argues that respondent received four times the marital property as that allotted to appellant by the settlement agreement and that she signed it without any explanation of the effect of the "no-fault divorce law" and without any discussion with the attorney handling the divorce proceedings relative to the terms of the agreement other than his advising her that he thought it was a fair settlement.

The evidence on these points is in conflict, appellant presenting one version and respondent and the attorney another.

■ With respect to the disparity in the property distribution, the statute does not require that the court make an equal division of the marital property, but only a just division. *Arp v. Arp*, 572 S.W.2d 232, 235[8] (Mo.App.1978). Furthermore, we are not asked here to decide whether the trial court in the dissolution proceedings abused its discretion in approving the settlement agreement arrived at by the parties to that proceeding. We have here an attack on the settlement agreement itself, and the evidence on the grounds for recission are in conflict. We must defer to the trial court on the credibility of the witnesses and we cannot say that there is no substantial evidence to support the findings of the trial court nor that the decree is wrong.

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.

---

1. We do not apply the principles enunciated in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) because the opinion in that case was handed down on September 12, 1978, and the brief of appellant was filed in this court on August 18, 1978.