Lloyd L. POURNEY, Respondent,

v.

Mildred L. Pourney SEABAUGH and Zexia Lee Pourney; Mildred L. Pourney Seabaugh, Appellants.

Lloyd L. POURNEY, Respondent,

v.

Mildred L. Pourney SEABAUGH and Zexia Lee Pourney; Zexia Lee Pourney, Appellants.

Nos. 41780, 41867.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Albert C. Lowes, Buerkle, Lowes & Beeson, Jackson, Francis J. Toohey, Jr., Perryville, for appellants.

Raymond H. Vogel, Cape Girardeau, for respondent.

SMITH, Presiding Judge.

Defendants appeal from the action of the trial court in sustaining plaintiff's motions for summary judgment against both defendants. Defendant Seabaugh also appeals from the trial court's order dismissing her counterclaim.

Plaintiff is the former husband of defendant Seabaugh. They were divorced on September 24, 1959. That decree provided for the payment of $40 per month by plaintiff for the support of the two children of the marriage—then 11 and 4 years of age. Defendant Pourney is the executor of the estate of Francis Pourney, father of plaintiff. On July 26, 1978, defendant Seabaugh caused to have issued an execution and garnishment directed to defendant Pourney to recover for unpaid child support under the 1959 decree. The summons to garnishee was dated August 2, 1978, was served August 8, 1978, and was returnable September 25, 1978. On August 21, 1978, the Probate Court of Perry County, Missouri, entered its approval of final settlement and order of distribution in the estate of Francis Pourney. The order of distribution called for distribution to plaintiff of $7,759.51. Interrogatories were directed to garnishee on August 8 and answers were filed on August 15. On August 23, a satisfaction of judgment in the underlying divorce case was filed by defendant Seabaugh.

Plaintiff then filed the present suit against both defendants. The allegation against Seabaugh was that she wrongfully obtained the execution. The allegations against defendant Pourney were that he failed to notify plaintiff of the garnishment and voluntarily paid over to Seabaugh the funds from the estate belonging to plaintiff. Plaintiff alleged that he had good defenses to the garnishment to—wit: (1) that the judgment was conclusively presumed paid under Sec. 516.350 R.S.Mo. 1978, (2) that the written judgment erroneously reflected the amount of child support actually ordered by the judge and (3) the children had become emancipated before they reached the age of 21.

Defendant Seabaugh filed an answer and a counterclaim. The answer alleged that plaintiff did in fact have knowledge of the garnishment proceedings and that the garnishment proceedings are res judicata of

the claimed defenses to that proceeding set forth in plaintiff's petition. She also denied wrongfully obtaining an execution or garnishment. Her counterclaim sought $68,000 for common law support of the children.

Defendant Pourney answered and filed a cross–claim against Seabaugh. The answer admitted that he paid Seabaugh $7700 pursuant to the garnishment and admitted he did not give plaintiff notice of the garnishment proceeding because "the whereabouts of plaintiff were unknown to the defendant as he left town without any word as to where he might or could be located."

Plaintiff filed his motions for summary judgment and to dismiss defendant Seabaugh's counterclaim. His affidavits in support stated that he had no notice or knowledge of the execution and garnishment, and that the 1959 judgment had not been revived nor had any record of payments been entered on the record of the judgment. Defendant Seabaugh's affidavit in opposition to the motion for summary judgment asserted that she had received sporadic payments on the judgment from plaintiff, but had borne almost the whole support for the children during their minorities. There was no denial of the facts in plaintiff's affidavits that no revival had been made and that no payments had been entered on the judgment record.

The trial court granted plaintiff's motions for summary judgment and his motion to dismiss the counterclaims and held such rulings final for purpose of appeal. Rule 81.06. The cross–claim of defendant Pourney is still pending. Defendant Seabaugh challenges the summary judgment on the basis (1) that she had no obligation to notify plaintiff of the execution and garnishment, (2) that plaintiff did not attack the execution and garnishment directly and may not now make a collateral attack thereon and (3) that the allegations of payment tolled the applicability of Sec. 516.350 and created an issue of fact. She contends that the court erred in dismissing the counterclaim because she did state a cause of action for common law support. Defendant Pourney premises error solely upon the third ground

asserted by Seabaugh against the summary judgment. We will attempt to unravel the issues in a somewhat different sequence than have the parties.

We deal first with the status of the 1959 judgment. Sec. 516.350 provides that "every judgment, order or decree of any court of record . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof . . . ." unless revived or unless payment has been made on the judgment "and duly entered upon the record thereof." This presumption is conclusive and no execution or process shall issue on such judgment.

In *Mayes v. Mayes*, 342 Mo. 401, 116 S.W.2d 1 (1938) the court held the predecessor statute was applicable to judgments for periodic alimony and child support payments. That decision has been consistently followed in Missouri. *See, Swan v. Shelton*, 469 S.W.2d 943 (Mo.App.1971); *Lanning v. Lanning*, 574 S.W.2d 460 (Mo. App.1978). The statute is apparently designed to replace the common law doctrine that forebearance for 20 years unexplained, unaccounted and unrebutted extinguishes the right of action on a judgment. The Missouri statute originally enacted created a presumption after 20 years, rebuttable by proof of partial payment or written acknowledgment. In 1895, that statute was repealed and what is essentially the present one was enacted. Except for revival or partial payment entered on the record the presumption is conclusive after 10 years. Under such a presumption even admission that the judgment was not paid would not destroy the presumption. *Northwestern Brewers Supply Co. v. Vorhees*, 356 Mo. 699, 203 S.W.2d 422 (1947). Precisely what the legislative intent was in enacting the statute is not clear. The degree to which it parallels Sec. 511.360, R.S.Mo. 1978, at least suggests that its purpose may have been to afford a certainty to titles to real estate and eliminate the danger of liens created by long since dormant or satisfied judgments. It is arguable that whatever the purpose of the statute it is fully satisfied by an inter-

pretation that the ten years commences to run on periodic payments mandated by a judgment when the payment becomes due and not when the judgment is entered. *See* 137 A.L.R. 884, l.c. 890, 70 A.L.R.2d 1250, l.c. 1258. As the statute and the cases now stand a former spouse who regularly pays the decreed weekly or monthly payments may stop such payments on the tenth anniversary of the decree unless the other spouse has been wary enough to revive the judgment or to enter the payments on the record. Such a result does not commend itself. But the statute is so worded to leave little room for an interpretation that the ten year period commences when the payment becomes due, and Missouri courts have refused to so interpret it. *Mayes v. Mayes, supra.*

■ *Mayes, supra,* also makes it clear that a partial payment can toll the statute only if it is entered on the judgment record. We find nothing in the dicta in the memorandum on motion for rehearing in *Lanning v. Lanning, supra,* which could or does change that holding by the Supreme Court. The pleadings and affidavits before the trial court on the motion for summary judgment clearly established that the judgment was almost 19 years old at the time execution was sought, that it had not been revived, and that no payments on the judgment had been entered on the record of judgment. The judgment was, under the statute, conclusively presumed paid and no execution could issue thereunder. We will return to the effect of this legal result upon plaintiff's claims after we discuss the counterclaim.

■ It was also recognized in *Mayes, supra,* that there exists in the law a common law right of a mother to recover from the father the necessary and reasonable support and maintenance furnished by her for a child. Whether such could be recovered where there also exists a divorce decree mandating support payments was left open

in *Mayes, supra. See also Lodahl v. Papenberg,* 277 S.W.2d 548 (Mo.1955). In *Davis v. Gould,* 234 Mo.App. 42, 131 S.W.2d 360 (1939) the court was confronted with exactly the problem presented to us. The court held that when the judgment for child support became ineffective (because presumed paid) after ten years, the mother was from that time on in the same situation as a mother with decreed custody of a child where the decree is silent about maintenance. *See Kelly v. Kelly,* 329 Mo. 992, 47 S.W.2d 762 (banc 1932). *Davis v. Gould, supra,* held that under those circumstances the mother could recover the amount of support furnished by her after the judgment was presumed paid on a common law support theory. It was error for the trial court to dismiss defendant Seabaugh's counterclaim.

■ We return to the summary judgments. The executor raises only the contention that a question of fact exists because of Seabaugh's contention that non—record payments toll the statute. We have already held to the contrary. The executor has not asserted that he paid the money over as a result of a court order or that he paid the money over to the sheriff as provided in Secs. 525.070 and 525.080 R.S.Mo. 1978.[1] Strict compliance with the statutory requirements must be observed in garnishment actions and "no voluntary act of the garnishee not in strict compliance with the requirements of the statutes, can constitute a waiver of the statutory prerequisites." *Blackburn Motor Co. v. Benjamin Motor Co.,* 340 S.W.2d 155 (Mo.App.1960) [3]; *Meyer v. Meyer,* 571 S.W.2d 477 (Mo.App. 1978) [6, 7]. Defendant Pourney was under the order of the probate court to distribute the money to plaintiff and he has admittedly not done so. His action in paying it instead to defendant Seabaugh, without judicial authority, no matter how well—intentioned, was a breach of his fiduciary obligation and contrary to the probate court order

---

1. Plaintiff's petition alleged that defendant Pourney after filing his answers to interrogatories "without further proceedings voluntarily paid from the funds in his hands" the amount allegedly due to Seabaugh under the execution. Defendant Pourney did not deny this allegation in his answer and thereby admitted it. Rule 55.09.

of distribution.[2] His payment to Seabaugh does not relieve him of his obligation to pay the money to plaintiff and he may be sued for his failure to distribute. *Cook v. McCoy*, 118 S.W.2d 1043 (Mo.App.1938) [1–6]. The only defense he asserts to plaintiff's cause of action we have held to be no defense as a matter of law. The plaintiff is entitled to a judgment against defendant Pourney as a matter of law.

Defendant Seabaugh asserts the validity of her 1959 judgment as a question of fact to defeat the summary judgment. We have ruled that issue against her. Her remaining contentions are that plaintiff can only raise his objections in the garnishment action and that because she had no obligation to personally notify plaintiff of the garnishment she is not subject to suit for wrongful execution or garnishment. As to the first contention, while the normal attack on an execution is by a motion to quash (Sec. 513.360 R.S.Mo. 1978, Rule 76.-60) that is not the exclusive remedy. There exists in this state an independent cause of action for wrongful execution or attachment. *Megehe v. Draper*, 21 Mo. 510 (1855); *Norman v. Horn*, 36 Mo.App. 419 (1889). Garnishment is a method of execution or attachment.

As to the second contention, the liability of a judgment creditor for wrongful execution has not been spelled out with precision in the cases. In Missouri it appears that the creditor need only direct or aid the wrongful execution in order to be held liable. *McNeely v. Hunton*, 30 Mo. 332 (1860); *Howell v. Caryl*, 50 Mo.App. 440 (1892); *Megehe v. Draper, supra. See* generally 30 Am.Jur.2d Executions Sec. 750–773. This is reasonable. An execution or attachment is in essence a trespass against or conversion of another person's property. If it is done in accord with the law it is permissible. But if it is done outside the framework established by the law then the good faith of the defendant is of no consequence as to the actual damages sustained

by the plaintiff. *Norman v. Horn, supra.* The statute, Sec. 516.350, specifically states that no execution may issue for a judgment presumed paid. This judgment was presumed paid. The execution here was, as a matter of law, precluded by the statute and so was wrongful. That execution and accompanying garnishment resulted in money belonging to plaintiff being paid to defendant Seabaugh who was not entitled to it. Plaintiff may seek to recover that money from defendant Seabaugh and on the record here was entitled to recover as a matter of law.

This brings us to the disposition to be made of this case. There is a cross–claim pending. This cross–claim by the executor seeks to recover from defendant Seabaugh the money paid by the executor to Seabaugh as a result of the wrongful execution and garnishment on the theory, basically, of unjust enrichment. The merits of that cross–claim are not before us. We are reversing the trial court's order dismissing defendant Seabaugh's counterclaim against plaintiff. That will now need to be adjudicated. The plaintiff is entitled to a judgment as a matter of law against both defendants for the amount paid by the executor to Seabaugh plus interest. Obviously if defendant Seabaugh is successful on her counterclaim, and defendant Pourney is successful on his cross–claim, and plaintiff is entitled to recover against both defendants as a matter of law then there would exist, in this case, a circuity of obligation in some undetermined amount. Judicial economy and basic fairness would dictate that all of these claims be resolved in a single judgment. *Hoffman v. Graber*, 153 S.W.2d 817 (Mo.App.1941) [5].

We affirm the action of the trial court in granting plaintiff's motions for summary judgment against both defendants, reverse the action of the trial court dismissing defendant Seabaugh's counterclaim and remand the cause with directions that the trial court hold in abeyance the entry of a

---

2. We need not reach the question raised by the parties of the impact of Sec. 525.030 R.S.Mo. 1978, and whether it furnishes an independent

cause of action to a legatee or is simply for the executor's protection.

final judgment on plaintiff's motions for summary judgment until entry of final judgments disposing of the defendant Seabaugh's counterclaim and defendant Pourney's cross–claim.

SATZ and SIMON, JJ., concur.