Florence Etta STONE, n/k/a Florence Etta Austin, Appellant,

v.

James Vernon STONE, Respondent.

No. 42912.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

Frederick W. Drakesmith, St. Charles, for appellant.

Dana Hockensmith, Hillsboro, for respondent.

REINHARD, Judge.

■ Wife appeals from portions of a dissolution decree entered March 27, 1980. She contends that the trial court erred in failing to award her maintenance and attorney's fees. A review of the record reveals that the trial court did not abuse its discretion in this regard.

■ Wife also claims that the court erred in failing to ascertain and arrive at a value for a cause of action against MFA Insurance Company and for awarding such cause of action to the husband. The cause of action was for a fire loss on the marital home. Apparently, MFA Insurance Company denied coverage. The wife characterized the value of the claim as unknown. She did not ask for findings of fact and conclusions of law and none were made. Under these circumstances, wife cannot complain about the court's failure to state a value. *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 569 (Mo.App.1979).

■ Further, we note that the trial court has broad discretion in dividing marital property and this court will not interfere unless an abuse of discretion is apparent. *In re Marriage of Brewer*, 592 S.W.2d 529, 532 (Mo.App.1979). Here, the trial court awarded the cause of action for the fire loss to the husband and an accident settlement in the sum of $4,500 to the wife. Thus, the wife received a set sum while the husband received a mere contingency based upon a suit against an insurance company for fire loss involving property. Considering the two awards and the overall distribution of the property, we cannot hold that the trial court abused its discretion in awarding the fire loss cause of action to the husband.

■ The wife also contends that the court erred in not declaring: (1) a diamond ring to be her separate property, and (2) that the husband was responsible for its loss. The diamond ring was given to the wife by her first husband. Subsequently, husband reset the stone during their marriage. Husband took the ring during one of their many arguments and refused to return it upon request. According to the husband, the ring was lost in the fire which destroyed the parties' home.

Section 452.330, RSMo 1978 provides that separate property is to be set aside for the respective parties before the division is made of the marital property. In the absence of findings of fact and conclusions of law, we must conclude that the trial court considered all matters presented to it. There was evidence that the ring was not in existence.

We cannot say that the court did not consider the equities between the parties in its subsequent allocation of the marital property. *See In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979). The record reveals that the wife received slightly more than one-half of the marital property.

We conclude that the trial court's orders are supported by substantial evidence and are not against the weight of the evidence. Neither do they erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.