**Luise TUDOR, Plaintiff-Respondent,**

v.

**Raymond TUDOR, Defendant-Appellant.**

**No. 11649.**

Missouri Court of Appeals,
Southern District,
Division One.

May 26, 1981.

bles, and mobile goods.

Charles M. Wesley, Waynesville, for plaintiff-respondent.

Dale H. Close, Richland, for defendant-appellant.

TITUS, Judge.

Plaintiff, on July 19, 1979, filed her "Petition" to recover of defendant, her former husband, the sum of "$18,560.04 for damages to date and $200.00 per month until death or remarriage of plaintiff." The damages sought allegedly were the "direct and proximate result of defendant's breach" of a written "Settlement Agreement" the parties had made in anticipation

of a divorce. After admitting that "Exhibit A," made a part of plaintiff's petition by reference, was "a copy of a settlement agreement and divorce decree pertaining to the parties," defendant's answer, inter alia, affirmatively pleaded that plaintiff's cause of action was barred by limitations as provided in § 516.350[1] and "that plaintiff has acquiesced in defendant's failure to remit alimony or maintenance payments as they become due, if any existed, and thereby has waived the right to enforce payments of the same and is thereby estopped from collecting the same." Following trial, at which only the plaintiff testified, the trial court on December 4, 1979, "ORDERED, ADJUDGED AND DECREED that Plaintiff recover judgment in the amount of Twenty Thousand Dollars ($20,000.) from Defendant and that same is hereby declared by the Court to be support." Defendant appealed.

▪ Defendant's first point relied on is that the trial court "erred in awarding a judgment to plaintiff and against the defendant because the claim of the plaintiff was barred by limitations and presumed paid by statute." Rule 84.04(d) mandatorily required defendant, in his point relied on, to state "wherein and why" the claim was allegedly barred by limitations and "wherein and why" it is averred the claim was presumed to have been paid by statute, i. e., § 516.350. A point which, as here, presents nothing more than abstract conclusory statements, preserves nothing for appellate review. *Ferguson v. Stott*, 585 S.W.2d 541, 543[2] (Mo.App.1979). Nonetheless, we will gratuitously examine the point briefly.

In contemplation of a divorce, the plaintiff and defendant executed a written "Settlement Agreement" on April 3, 1969. The contract, designed to divide the liabilities and assets in which either or both had or claimed any interest, also provided, among other things, that defendant was to pay plaintiff $256 "per month for her support, until November 1, 1969," and $200 "per month thereafter until the death or remar-

riage" of the plaintiff. The June 10, 1969, decree of divorce concluded: "Contract in writing between the parties settling their property and property rights presented to the Court and approved and property and property rights as between the parties settled and adjudged as per terms and conditions set out in said contract and contract ordered filed and made a part of the files in this case."

▪ The statute of limitations relied on by defendant is § 516.350. It provides that "[e]very judgment, order or decree of any court of record . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof" unless revived or unless payment has been made on the judgment "and duly entered upon the record thereof." This presumption is conclusive "and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever." This statute and predecessors thereof are applicable to judgments for periodic alimony and child support payments. *Lanning v. Lanning*, 574 S.W.2d 460, 461–462[1] (Mo. App.1978). Although the result admittedly does not commend itself, a former spouse's periodic payments of decretal alimony or child support allowances do not toll the running of the statute unless the payee spouse is astute and wary enough to revive the judgment or enter the payments upon the record. *Pourney v. Seabaugh*, 604 S.W.2d 646, 649–650[1, 2], [3] (Mo.App. 1980).

▪ However, the cautious reader of *Pourney* and similar opinions must be alert to the fact that those cases deal with decretal, not contractual alimony as we have here. Albeit the parties to a settlement agreement may indicate an intention to treat the contracted-for alimony incorporated into a divorce decree as decretal, rather than contractual, by bringing and acquiescing in actions designed to modify [*Kirk v. Kirk*, 598 S.W.2d 153, 155–156[5–7] (Mo.

---

**1.** References to statutes and rules are to RSMo 1978 and Missouri Supreme Court Rules, V.A. M.R.

App.1980)], we do not have that situation presented to us. Plaintiff's suit in this case sounded in contract to enforce the settlement agreement as written. The present action did not seek to alter or modify the contract in any way. The validity of the 1969 written settlement agreement has not been questioned by defendant. Therefore, plaintiff and defendant, by their written agreement, contractually settled and adjusted all of their property and property rights and plaintiff's rights to maintenance. Under the terms of the agreement, defendant gave plaintiff an allowance for her support which the court had no right to grant because the court possessed no authority to make an award for alimony and maintenance which would continue, as provided by the settlement agreement, so long as plaintiff remained single and unmarried. The fact the divorce court approved the contract and ordered it filed and made a part of the files in the case, did not convert the contractual support allowance into decretal alimony subject to court modification or to the limitations imposed on enforcement of judgments as specified in § 516.350. *North v. North*, 339 Mo. 1226, 1233, 1235, 100 S.W.2d 582, 586[9], 587[11, 12], 109 A.L.R. 1061, 1065, 1067 (1936).

"The statute of limitations is a defense which must be set forth affirmatively. Rule 55.08. 'A party desiring to avail himself of the statute of limitations must plead the particular statute upon which he relies. *Vail v. Jacob*, 7 Mo.App. 571; *Hunter v. Hunter*, 50 Mo. 445.' *Murphy v. De France*, 105 Mo. 53, 62, 15 S.W. 949, 951–952 (1891). In *Knisely v. Leathe*, 256 Mo. 341, 166 S.W. 257 (1914), this Court held that one seeking to take advantage of the statute of limitations 'must plead the very provision on which he depends.' 166 S.W. l.c. 261. In *Gibson v. Ransdell*, 188 S.W.2d 35 (Mo.1945), where the bar of limitations was invoked but an inapplicable section was specified, it was held that the cause could not be ruled upon the basis of that statute of limitations, and reannounced the rule that ' * * * the particular statute relied upon must be pointed out,' 188 S.W.2d l.c. 37, citing *Knisely v. Leathe*." *Modine Manufacturing*

*Company v. Carlock*, 510 S.W.2d 462, 467 (Mo.1974). The only specific statute of limitations pleaded and on which defendant relies in this appeal is § 516.350. From what has been herein written, that statute is not applicable. What particular statute of limitations, if any, may have been appropriate here need not be determined. As such a statute, if so, was not pleaded or otherwise specifically invoked, we need not give it consideration. *De Paul Hospital School of Nursing, Inc. v. Southwestern Bell Tel. Co.*, 539 S.W.2d 542, 545–546, n.4 (Mo.App.1976). Defendant's first point relied on is denied.

■■■ Defendant's second point relied on: "The court erred in awarding a judgment to plaintiff and against the defendant because the plaintiff acquiesced in the failure of the defendant to make payments, if he did fail to make payments." To this point defendant cites *Karleskint v. Karleskint*, 575 S.W.2d 845 (Mo.App.1978) and *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974). These cases illustrate that waiver by acquiescence may be interposed as an affirmatively pleaded defense to a wife's action to collect for arrearage in decretal alimony. 24 Am.Jur.2d, Divorce and Separation, § 719, pp. 823–824. Dissimilar to *Rodgers*, defendant here offered no evidence and the only way waiver could have been shown was via plaintiff's testimony. It suffices to say that plaintiff's testimony was wholly insufficient to sustain the defense of waiver by acquiescence. But we again note that the action here was not instituted to recover decretal alimony but sounded in contract to secure payment of the support allowance provided for in the written settlement agreement. A written contract may be rescinded, abandoned or waived by parol and the rescission may be inferred from acts and declarations of the parties to the agreement. Nevertheless, mutual cancellation and abandonment must be clearly expressed and, to be sufficient, the acts and conduct of the parties must be unequivocal, positive and inconsistent with the existence of the contract. *In re Estate of Reed*, 414 S.W.2d 283, 286[1–3] (Mo.1967).

During plaintiff's testimony and in regard to certain objections thereto, the trial court correctly observed that plaintiff had already testified "that she didn't agree that [defendant] could forego making payments, that she was going to make him pay." This statement, coupled with the somewhat thwarted efforts by plaintiff to recount various undertakings by her to collect the support allowance provided in the written contract, clearly belies any position assumed by her which could be viewed as inconsistent to the continuation of the agreement. 17A C.J.S. Contracts § 389, pp. 464–468. Defendant's second point relied on is denied.

Defendant's third and final point relied on: "The trial court erred in granting judgment to plaintiff and against defendant in the sum of twenty thousand dollars because the evidence failed to establish the amount due the plaintiff if any amount was due." We observe that the first sentence in the argument portion of defendant's brief under this point is "The action is one of enforcement of a contract." This assertion is, at least, belated recognition of our previous conclusions that the cause sought recovery of contractual support allowances, not decretal alimony. It also illustrates that the cases cited and relied on by both defendant and plaintiff, dealing with decretal alimony, are not germane to this appeal.

■ The third point relied on, supra, is penned in violation of the mandatory requirements of Rule 84.04(d). *Bell v. Bell,* 538 S.W.2d 733, 735[1] (Mo.App.1976). This rule demands strict application in court-tried cases. *Matter of Estate of Langford,* 529 S.W.2d 31, 32[3] (Mo.App.1975). An abstraction, such as presented by the third point, which is nothing more than an assertion that there was insufficient evidence to support the amount of the judgment, preserves nothing for appellate review because it does not express "wherein and why" the judgment was wrong or "wherein and why" the evidence did not establish the sum due plaintiff. *Corning Bank v. Hager,* 560 S.W.2d 892, 894 (Mo.App.1978). It is also noted that to this point are cited three cases

wholly impertinent thereto, which makes the presentation naked of authority. *Egan v. St. Louis-S. F. Ry. Co.,* 581 S.W.2d 939, 940[3] (Mo.App.1979). "Albeit *Thummel v. King,* 570 S.W.2d 679, 687[12, 13] (Mo. banc 1978) holds 'that Rule 84[.04(d)] does not *require* citation of authority in every instance,' it also states that 'if the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, ... the court on appeal need not search for precedential support to overrule the contention.' There is nothing in [defendant's third] point that qualifies it to be catalogued among the exempted categories enounced by *Thummel* and we respectfully decline the chore of briefing the matter for [him]." *Williford v. White,* 584 S.W.2d 637, 638 (Mo.App.1979).

■ Admittedly plaintiff did not proffer evidence of the exact sums due her from defendant under the contract. However, plaintiff presented evidence of payments made and from this it was possible for the court to make a calculation of defendant's arrearage. A trial court, as here requested by plaintiff, may take judicial notice of the records of its own court [*Arata v. Monsanto Chemical Company,* 351 S.W.2d 717, 721[5] (Mo.1961)] and it also could have included data obtained therefrom in its figuring. Findings by a trial court as to damages recoverable are entitled to great weight on appeal and will not be disturbed if it is not shown, as defendant has failed to do, that the damages awarded were clearly wrong, could not have been reasonably determined as done or were excessive. 5A C.J.S. Appeal and Error § 1659, pp. 570–575. Because of this and the reasons previously given, defendant's third point relied on is denied.

The judgment nisi is affirmed and the cause is stricken from this court's docket for oral argument.

GREENE, P. J., and FLANIGAN, J., concur.