Margie S. DILLINGHAM, Respondent,

v.

Gerald S. DILLINGHAM, Appellant.

No. 43152.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Rebecca Cook, Oliver, Oliver & Jones, Cape Girardeau, for appellant.

Raymond H. Vogel, Cape Girardeau, for respondent.

CRIST, Judge.

Marriage dissolution. Husband appeals the division of marital property and the award of attorney fees to wife. We affirm as herein modified.

The parties were married for 19 years. Although no children were born of that marriage, each had a child by a former marriage. Wife, at the time of the hearing, was 51 years of age and had a high school education with no special training or job skills. She also had a history of lung difficulties, with the last serious problem ending five years ago after surgery. She cannot do strenuous work. Wife's take-home monthly pay was approximately $500.00 out of gross wages of $7,685.83 in 1979. She was, however, to be laid off in two weeks. At the age of 65, wife's pension plan will pay her $33.50 per month.

Husband was employed as a truck driver and received total wages amounting to $26,763.08 in 1979 and $29,496.16 in 1978. As a member of the Teamsters Union, husband's benefits increased everytime his union contract was renegotiated. These benefits included major medical, medical, dental and life insurance. When husband reaches 57 years of age, he can retire and receive $625.00 per month under his pension plan. If he retires at a later date, these benefits are increased.

Based upon the foregoing, the trial court declined to award maintenance to wife but awarded her attorney fees, and divided the marital property. In addition to a marital residence with a net value of approximately $55,000.00, there was a small amount of other marital property, including the parties' pension plans, subject to division by the court. The trial court awarded wife the marital residence, one-half of the parties joint checking account, a car subject to a lien and miscellaneous other items. Husband was awarded his pension plan, one-half of the parties joint checking account, a motor vehicle, some furniture, home entertainment equipment, three life insurance policies and miscellaneous other items.

■ Husband first alleges that the trial court erred in awarding the marital residence to wife. We disagree. Wife was awarded the $55,000.00 house and no maintenance. She had $7,685.83 annual income. Husband on the other hand, has no house but has annual income of $26,763.08, insurance benefits and substantial benefits under his pension plan. The trial court did not abuse its discretion in awarding the marital residence to wife. *Madden v. Madden*, 585 S.W.2d 220, 221 (Mo.App.1979); *Kaczmarczyk v. Kaczmarczyk*, 593 S.W.2d 252, 253 (Mo.App.1980); § 452.330, RSMo.1978.

■ Husband next complains of error in the technical aspects of the decree, to-wit: valuation omissions and property disposition omissions. We disagree. The record shows that the trial court considered the value of each item of personal property. Husband can not now complain about the specific valuation of his own pension plan where he has failed to present such valuation evidence to the court. Nor can he complain about a specific valuation of wife's pension plan in that the evidence shows husband can retire at 57 years of age and receive $625.00 per month while wife will receive $33.50 per month at age 65. Wife's pension plan was inconsequential in comparison to husband's pension plan. He did not ask the trial court to set out an evaluation and allocation of each item of personal property and, therefore, may not now complain of error. *Waitsman v. Waitsman*, 599 S.W.2d 42, 43 (Mo.App.1980).

Most of the items which husband contends were omitted from the trial court's order were, in fact, covered in general terms under the decree. A few items, however, such as old pennies and coins, were not so covered but the record shows that these items belong to wife and are inconsequential. Two items of marital property which should have been specifically divided in the decree are wife's pension plan and husband's checking account at Farmers & Merchants Bank. The checking account must be awarded to husband and the pension plan to wife.

 Husband lastly complains of error in the award of attorney fees to wife. We find no abuse of the trial court's broad discretion in the award of attorney fees. *Pederson v. Pederson*, 599 S.W.2d 51, 54 (Mo.App.1980); *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 569 (Mo.App.1979).

Judgment affirmed with husband being specifically awarded his checking account at Farmers & Merchants Bank and wife being specifically awarded her pension plan at Florsheim.

DOWD, P. J., and REINHARD, J., concur.