**Luise TUDOR, Plaintiff-Appellant,**

**v.**

**Raymond R. TUDOR,**
**Defendant-Respondent.**

**No. 12456.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 1982.

**94** ■

Charles M. Wesley, Waynesville, for plaintiff-appellant.

No appearance, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff, a creditor[1] of defendant, sought to set aside a wage assignment. The assignment was made to a former wife of defendant to pay child support ordered by the Circuit Court of Pulaski County in a dissolution decree.[2] Plaintiff's petition contended that the wage assignment was "made or contrived with intent to hinder, delay and defraud Plaintiff herein in violation of RSMo § 428.020". The trial court, sitting without a jury, entered judgment for defendant, finding "that the evidence presented is not sufficient to grant relief as requested by plaintiff."

Plaintiff contends that the judgment was against the greater weight of the evidence and that the court erroneously applied the law because the wage assignment was made in violation of § 428.020, RSMo 1978. She relies primarily upon *Barnard v. Barnard*, 568 S.W.2d 567 (Mo.App.1978). Her reliance on *Barnard* is misplaced. There assets were placed by the ex-husband in his name and that of his present wife as tenants by the entireties. That is not the situation here. The assignment was to another creditor of the defendant.[3]

 It is not unlawful for a debtor to prefer one creditor over another. *Kinsella v. Gibson*, 307 S.W.2d 491, 494 (Mo.1957). Plaintiff had the burden to prove the fraudulent nature of the assignment. *Lindell Trust Company v. Commonwealth Land Title Insurance Company*, 611 S.W.2d 283, 286 (Mo.App.1980); *Barnard v. Barnard*, supra, 568 S.W.2d at 570. We believe the trial judge was justified in finding that plaintiff had not met that burden. We determine that no error of law appears and that an opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.

---

1. See *Tudor v. Tudor*, 617 S.W.2d 610 (Mo.App. 1981).

2. Whether the assignment was made pursuant to § 452.350, RSMo 1978, is not apparent from the record. The dissolution decree was entered September 25, 1979, and the wage assignment filed in that action on September 15, 1980.

3. "A judgment awarding child support payments gives a wife rights as a creditor." *Barnard v. Barnard*, supra, 568 S.W.2d at 570.