**James T. McGUIRE, Respondent,**

v.

**Sharon L. McGUIRE, Appellant.**

**No. 43419.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Carolyn J. Biermann, St. Louis, for appellant.

David J. Kueter, Steelville, for respondent.

CRANDALL, Judge.

This is an appeal by the wife from a decree in dissolution of marriage.

■ She complains in her first point that the trial court erred in its failure to evaluate the husband's interest in Pine Lawn Florist, Inc., prior to awarding it to him. The wife did not ask the trial court for an evaluation and therefore will not be heard to complain of error. *Dillingham v. Dillingham*, 622 S.W.2d 273, 275 (Mo. App. 1981); *Stone v. Stone*, 612 S.W.2d 902, 903 (Mo. App. 1981).

■ The wife's second point states:

The trial court, in denying Sharon McGuire's motion for new trial, failed to present the appeals court with a record upon which it could function with a degree of confidence in the accuracy of its final judgment.[1] A trial court has no authority to award 'his interest in the business' to one of the parties. As to a corporation the court is limited to distributing stock owned by the parties that is marital property.

This point is not drafted in compliance with Rule 84.04(d) and consequently preserves nothing for review. *Ferguson v. Stott*, 585 S.W.2d 541, 543 (Mo. App. 1979); *see Hamil v. Hamil*, 488 S.W.2d 300, 301 (Mo. App. 1972).

In any event, we have gratuitously reviewed that portion of the decree disposing of the assets and find the disposition not unjust. *See In re Marriage of Fehr*, 573 S.W.2d 695, 697 (Mo. App. 1978).

The judgment is affirmed.

REINHARD, P.J., and SNYDER, J., concur.

---

1. We note that wife's motion for new trial was not timely filed nor was it expressly ruled by the trial court.